No. 84-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

KENNETH BYRD,

       Claimant and Appellant,

  -vs-

RAMSEY ENGINEERING,  Employer,

  and

AMERICAN HOME ASSURANCE CO.,

       Defendant and Respondent.

_____

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Keefer, Roybal, Hanson, Stacey & Jarussi; Neil S.
        Keefer argued, Billings, Montana

    For Respondent:

        Herndon, Harper, & Munro; James Edmiston argued,
        Billings, Montana

_____

Submitted:  May 23, 1985

Decided:  July 2, 1985

Filed:  JUL 2 1985

_____
                Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Kenneth Byrd, appellant, filed a petition in Workers' Compensation Court to resolve a dispute over his disability benefits. The matter was heard by a court-appointed Hearing Examiner, James P. Harrington, who conducted the hearing, considered the evidence, and submitted findings of fact and conclusions of law for consideration by the court. The Workers' Compensation Court considered the record and findings of fact and conclusions of law of the hearing examiner and entered an order and judgment on November 7, 1984. Mr. Byrd appeals this judgment.

Appellant was injured on August 18, 1976, when he fell from the cab of his truck and twisted his knee. Since then, appellant has had five operations on his knee and may require a total knee replacement in the future.

At the time of his injury, appellant was employed in construction as a truck driver and made $8.10 per hour under a Teamsters' Labor Agreement. He has tried to return to his old occupation, but has been unable to because of pain. Since returning to the labor market, appellant's income has been at the minimum wage level. In addition he has been paid permanent partial benefits of $81.00 per week since August 2, 1983.

The Workers' Compensation Court in its judgment of November 7, 1984, awarded appellant 200 weeks of permanent partial benefits under the specified injury statute, § 39-71-705, MCA. The court ordered $3,150.00 of the benefits to be paid in a lump sum to pay some of appellant's pressing debts.

Appellant appeals the Workers' Compensation Court's judgment on the following issues:

2

1. Whether the Workers' Compensation Court erred in awarding 200 weeks of permanent partial disability under § 39-71-705, MCA, instead of 500 weeks under § 39-71-703, MCA, on the basis that appellant's back condition and ulcerative proctitis are causally related to his knee injury.

2. Whether appellant's permanent partial award should have all been paid in a lump sum to meet a balloon payment due on his home.

Our standard of review of decisions of the Workers' Compensation Court is set forth in Steffes v. 93 Leasing Company (1978), 177 Mont. 83, 86, 580 P.2d 450, 452, in which it was held:

> "Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that Court. We cannot substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision. Bond v. St. Regis Paper Co., (1977) Mont., 571 P.2d 372, 34 St.Rep. 1237. Robins v. Anaconda Aluminum Co. (1978), Mont., 575 P.2d 67, 35 St.Rep. 213."

The Workers' Compensation Court found that appellant failed to prove that his ulcerative proctitis was caused or aggravated by his knee injury. There is substantial evidence in the record to support this finding. Dr. Walton performed three of the operations on appellant's knee. Dr. Walton testified that he found no relationship between the knee injury and appellant's colitis condition. (Dr. Walton's deposition March 5, 1984, p. 21.)

Dr. Korb, a specialist in intestinal diseases, testified that the cause of the appellant's ulcerative proctitis condition was not known and he could not say "to a reasonable degree of medical certainty" that stress from appellant's

3

knee injury caused the intestinal problems. (Dr. Korb's deposition p. 30.)

In fact the great weight of the evidence supports the Workers' Compensation Court finding that the evidence fails to establish a causal relationship between the appellant's ulcerative proctitis and the industrial injury. We must affirm.

There is no medical evidence that appellant has a back problem. The Workers' Compensation Court did not discuss it and we find no evidence to support appellant's argument that he is additionally disabled by this back problem. We affirm the Workers' Compensation Court finding that appellant is entitled to 200 weeks permanent partial disability pursuant to § 39-71-705, MCA.

## Lump Sum

The Workers' Compensation Court ordered that appellant was to receive $3,150.00 of his disability payments in a lump sum and the rest was to be paid at the rate of $81.00 per week. Appellant asked that the entire award be paid in a lump sum to meet a $25,000.00 balloon payment on a home loan he obtained in anticipation of his disability award. The Court found that appellant was not entitled to a lump sum advance to pay a house loan intentionally incurred in anticipation of a lump sum award.

The law in Montana on lump sum awards is stated in Willoughby v. General Accident, Fire and Life (1980), 187 Mont. 253, 256, 609 P.2d 700, 701, as follows:

> "The general rule concerning the award or denial of lump sum settlements under the Workers' Compensation Act is well settled in this state. Lump sum settlements are only granted in exceptional circumstances. Where the best interests of the claimant are generally served by paying compensation in regular periodic installments, the conversion of benefits to a lump sum settlement has been recognized as the exception rather than the rule. Utick

4

v. Utick (State Comp. Ins. Fund) (1979), Mont., 593 P.2d 739, 741, 36 St.Rep. 799, 801; Kuehn v. Nat. Farmers Union Co. (1974), 164 Mont. 303, 307, 521 P.2d 921, 923; Legowik v. Montgomery Ward (1971), 157 Mont. 436, 440, 486 P.2d 867, 869; Kent v. Sievert (1971), 158 Mont. 79, 81, 489 P.2d 104, 105."

The court goes on to say:

"Lump sum settlements are only granted where there is 'outstanding indebtedness,' 'pressing need,' or where 'the best interests of the claimant, his family and the general public will be served.'"

In this case, we are asked to review the Workers' Compensation Court award of a partial rather than total lump sum. Where we have considered this issue in other cases, we have stated that the decision to award or deny a lump sum settlement will not be interfered with on appeal unless there has been an abuse of discretion. Willoughby, supra., Utick, supra. The findings of the lower tribunal or board will be presumed correct and affirmed if supported by substantial evidence. The decision will be reversed, however, if the evidence clearly preponderates against it. Legowik, supra.

We have studied the evidence in this case. Appellant testified that he purchased a house for his family in anticipation of his Workers' Compensation award. Appellant needed $25,000.00 by February 1, 1984 to make a balloon payment. Appellant assumed he would receive at least $25,000.00 from Workers' Compensation, but when he did not he had to borrow the money from Western State Bank with the understanding that appellant would earmark the proceeds of his Workers' Compensation case to repay the loan. The Western State Bank loan is short term, at a 15% interest rate and must be paid as soon as possible.

Clearly, appellant has made some mistakes with his finances. We do not encourage the incurring of a debt in anticipation of an award that may not come. But the debt has

been incurred and the bottom line is that appellant will lose his house if he cannot make a substantial payment on his loan. It is an abuse of discretion to force a man to lose his home simply because we do not want to encourage the practice of incurring a debt in anticipation of lump sum awards. The evidence indicates that there is an "outstanding indebtedness", that appellant has demonstrated a "pressing need" for the lump sum, and the best interests of the appellant and his family will be served by awarding a lump sum. Appellant should receive the remainder of his 200 weeks of benefits in a lump sum.

Although the lump sum award will not be as large as appellant anticipated, hopefully it will be sufficient to allow him to refinance his home.

We remand to the Workers' Compensation Court with directions to enter judgment in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

6