No. 85-551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

LEON J. ODENBACH,

        Claimant and Appellant,

    -vs-

BUFFALO RAPIDS PROJECT, d/b/a
IRRIGATION PROJECT, Employer,

    and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lloyd E. Hartford, Billings, Montana

    For Respondent:

        Crowley Law Firm; Terry G. Spear, Billings, Montana

Submitted on Briefs: April 24, 1986

Decided: January 13, 1987

Filed: JAN 13 1987

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Leon Odenbach was injured in an industrial accident in May 1978. In December 1984, Mr. Odenbach filed a petition with the Workers' Compensation Court essentially requesting the conversion of all his future permanent total disability benefits into a lump sum payment. The Workers' Compensation Court awarded Mr. Odenbach a partial conversion of future benefits. Mr. Odenbach appealed and the State Compensation Insurance Fund cross-appealed. We affirm the Workers' Compensation Court in part, reverse in part, and remand for proceedings pursuant to this opinion.

The issues presented to us are:

1. Can the 7% discount of lump sum conversion of future permanent total disability benefits found in § 39-71-741, MCA, as amended, be applied to claims arising out of injuries occurring before April 15, 1985, or would that application violate a claimant's constitutional rights?

2. Can the procedural requirements in § 39-71-741, MCA, as amended, be applied to claims arising out of injuries occurring before April 15, 1985?

3. Did the Workers' Compensation Court err in granting in part and denying in part Mr. Odenbach's request for a lump sum conversion of his future permanent total disability benefits?

Leon Odenbach (claimant) suffered an industrial injury arising out of and in the course of his employment with Buffalo Rapids Project on May 10, 1978. Mr. Odenbach is permanently totally disabled. Buffalo Rapids Project was enrolled with the State Compensation Insurance Fund (State Fund) on the date of the injury. State Fund accepted

2

liability for Mr. Odenbach's claim and began paying benefits in June 1978. On December 13, 1984, claimant filed his petition for hearing with the Workers' Compensation Court requesting a lump sum award of $80,000 to purchase an annuity. In addition, the claimant requested a lump sum award of $17,230.25 for the following purposes:

a. $6,723.00 to retire his mortgage on his home;

b. $2,660.00 to replace his refrigerator, kitchen range, washer and dryer;

c. $4,324.28 to pay off the installment contract on his energy efficient windows;

d. $1,874.97 to pay off the installment contract on his new furnace;

e. $768.00 to complete remodeling of his basement, and;

f. $880.00 to replace his dentures.

The Workers' Compensation Court found that the claimant was entitled to a lump sum award of $6,199.25 to pay off the installment contracts on his energy efficient windows and his new furnace. In addition, the claimant was entitled to an annual lump sum sufficient to cover the aggregate amount of his existing insurance policies which were currently costing the claimant $217 a month. Finally, the claimant was found to be entitled to an $880 lump sum to replace his dentures. The Workers' Compensation Court found that the claimant was not entitled to the remaining lump sum amounts requested for his house because:

> These items and amounts are not necessary for the claimant to sustain himself financially, and thus, do not fall within the purview of MCA 39-71-741.

The Workers' Compensation Court also stated regarding the requested lump sum for the annuity that:

3

> Claimant is not entitled to a lump sum award for the purchase of an annuity. This Court has routinely denied all annuity requests, reasoning that "an annuity request is analogous to the claimant's request to put an advance of his disability award 'on interest.'" Stelling, WCC No. 8412-2757 (filed June 27, 1985), citing Kent v. Siefert, 158 Mont. 79, 81, 489 P.2d 104 (1971).

Senate Bill 281 became effective on April 15, 1985. Senate Bill 281 amended § 39-71-741, MCA, by (1) creating new criteria for establishing the need for a lump sum award; and (2) requiring that lump sum payments of permanent total disability benefits be discounted at 7% for each year of the estimated compensation period. The parties have raised various constitutional and legal issues regarding § 39-71-741, MCA.

I

Can the 7% discount of lump sum conversions of future permanent total disability benefits found in § 39-71-741, MCA, as amended, be applied to claims arising out of injuries occurring before April 15, 1985, or would that application violate a claimant's constitutional rights?

This Court has recently decided this issue. In Buckman v. Montana Deaconess Hospital and State Compensation Fund (Mont. 1986), ___ P.2d ___, 43 St.Rep. 2216, we essentially held that the discount provision of § 39-71-741, MCA, as amended could not be applied to a workers' compensation injury which occurred prior to April 15, 1985, the effective date of this statute.

Accordingly, we hold that the 7% discount provision found in § 39-71-741, MCA, cannot be applied to the award for Mr. Odenbach's injury which occurred prior to April 15, 1985, the effective date of the discounting provision.

4

## II

Can the procedural requirements in § 39-71-741, MCA, as amended, be applied to claims arising out of injuries occurring before April 15, 1985?

Again, Buckman controls this issue:

> We therefore conclude that the amendments made in 1985 to Sec. 39-71-741(2), MCA, cannot be applied in considering the Buckman application for a lump-sum conversion. We note this is consistent with the 1985 amendments as there is no provision in those amendments stating that any portion should be applied retroactively, with a single exception of the discount provision.

Buckman, ___ P.2d at ___, 43 St.Rep. at 2219. This holding is consistent with § 1-2-109, MCA, which provides: "No law contained in any of the statutes of Montana is retroactive unless expressly so declared."

Accordingly, the procedural requirements in § 39-71-741, MCA, as amended, cannot be applied to Mr. Odenbach's injury which occurred before April 15, 1985, the effective date of the procedural provisions.

## III

Did the Workers' Compensation Court err in granting in part and denying in part Mr. Odenbach's request for a lump sum conversion of his future permanent total disability benefits?

We remand this issue for reconsideration by the Workers' Compensation Court in light of Buckman as well as this opinion. In its reconsideration, the Workers' Compensation Court should apply the statutes and caselaw in effect on the date of Mr. Odenbach's injury.

Affirmed in part, reversed in part, and remanded for proceedings pursuant to this opinion.

_____
Justice

5

We Concur:

_____
            Chief Justice

_____

_____

_____

_____

_____
            Justices

7