No. 85-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

KYLE W. YEAROUT,

        Claimant and Appellant,

    -vs-

RAINBOW PAINTING, Employer,

    and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

---

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Law Offices of John C. Hoyt; Kurt M. Jackson, Great
        Falls, Montana

    For Respondent:

        Allen B. Chronister, Assistant Attorney General,
        Helena, Montana

---

Submitted on Briefs: March 6, 1986

Decided: June 12, 1986

Filed: JUN 12 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Kyle Yearout appeals the order of the Workers' Compensation Court denying his claim for attorney's fees. We affirm.

The sole issue on appeal is whether the Workers' Compensation Court erred by refusing to assess attorney's fees and costs against the State Compensation Insurance Fund pursuant to § 39-71-611, MCA?

In 1984, Yearout was employed by Rainbow Painting, a Great Falls based company. At the time of his injury, he was working at a radar base north of Havre. Yearout and his foreman drove from Great Falls on Monday and Thursday mornings; Monday, Tuesday and Thursday evenings they stayed at on-site housing. The foreman was reimbursed by the company for his gasoline expense, and his pickup generally had work tools in it and was used at the site.

On November 21, 1984, Yearout and his foreman had worked an early eight hour shift in order to get back to Great Falls for the Thanksgiving holiday weekend. About 33 miles north of Havre, the pickup slid out of control on the ice and rolled several times. Yearout was severely injured. Yearout filed a report of the accident with Rainbow, but continued to work until his doctor told him to quit on December 21, 1984. On December 27, 1984, he filed a claim with the State Fund.

A State Fund claims examiner investigated the claim and denied it, finding that Yearout was off duty at the time of the accident. At that time, no information was given the examiner that Rainbow supplied the fuel for the foreman's

pickup. The claim was denied January 28, 1985. Yearout hired an attorney on February 4, 1985.

Discovery was conducted and depositions taken. The matter was scheduled for trial June 11, 1985. At the commencement of the hearing, State Fund legal counsel announced that it was conceding liability, that it would pay medical and compensation benefits as well as a 20 percent penalty pursuant to § 39-71-2907, MCA, for unreasonable delay or refusal to pay benefits. Yearout's counsel argued that Yearout was also entitled to attorney's fees pursuant to § 39-71-611, MCA. The parties briefed the issue. By order dated August 9, 1985, Judge Reardon denied the claim for attorney's fees finding that the matter had not been adjudicated, and that Cosgrove v. Industrial Indemnity Co. (1976), 170 Mont. 249, 552 P.2d 622, barred recovery in this instance. This appeal followed.

It has long been the rule in Montana that attorney's fees are not recoverable absent some special agreement between the parties or statutory authorization. Wilson v. Department of Natural Resources and Conservation (Mont. 1982), 648 P.2d 766, 39 St.Rep. 1294; Nikles v. Barnes (1969), 153 Mont. 113, 454 P.2d 608. The statutory authorization for attorney's fees claimed by appellant is found at § 39-71-611, MCA. That section states:

> In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge.

Yearout argues that he was forced to file a petition for hearing and invoke the power of the Workers' Compensation judge to award attorney's fees. State Fund argues that the

- 3 -

statute is clear on its face and no attorney's fees may be awarded until the claim is "adjudged compensable by the Workers' Compensation judge or on appeal," and in this case, there was no adjudication as State Fund conceded liability at the commencement of the hearing.

In its order denying Yearout's request for attorney's fees, the Workers' Compensation Court declared:

> [T]he claimant herein argues that but for counsel's efforts, the defendant would not have accepted liability. The record in this proceeding supports that conclusion. It is clear to the Court that but for counsel's efforts the insurer would not have pursued investigation of this claim. The necessary depositions would not have been taken and the defendant's denial likely would have been unchanged. Yet, reluctantly the Court must agree with the defendant that there has been no adjudication which would allow this Court to assess an attorney fee against the insurer.

We agree with the Workers' Compensation Court.

The rules of statutory construction were discussed by this Court in Montana Contractors' Association v. Department of Highways (Mont. 1986), 715 P.2d 1056, 43 St.Rep. 470. One function of this Court is to construe legislation. The first step in such construction is to look to the language used. If the language of the statute is clear and unambiguous, the statute speaks for itself and there is nothing for the Court to construe.

In this case, the statute authorizing attorney's fees, § 39-71-611, MCA, is clear and unambiguous. If an insurer denies liability for a claim for compensation, the insurer is liable for attorney's fees if the claim is later adjudged compensable by the Workers' Compensation judge. It is clear from the language of the statute that there must be an adjudication of compensability before an award of attorney's fees is authorized.

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 3526, St. Paul, MN 55165

# CORRECTION

Date — *Aug 11, 1982*

Please make the following correction in the opinion in the case of:

Title: *YEAROUT v. RAINBOW PAINTING*

Vol. *719* Rptr. *Pac 2nd* Page *1260*

In ~~first~~ second column, line *18* from ~~top~~ bottom.

*Change "it" to "by"*

should read *compared to buy the parties*

Signed *John E. Shuely*

The expense of making changes is such that we cannot undertake it for items of merely typographical style.

West Publishing Co.

N182c

---

*85-418*

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 3526, St. Paul, MN 55165

# CORRECTION

Date — *Aug 11, 1982*

Please make the following correction in the opinion in the case of:

Title: *Yearout v. Rainbow Painting*

Vol. *719* Rptr. *Pac 2d* Page *1260*

In ~~first~~ second column, line *16* from ~~top~~ bottom.

*Insert a period and capital T*

should read *Determined by the Court. "The Time begins*

Signed *John E. Shuely*

The expense of making changes is such that we cannot undertake it for items of merely typographical style.

West Publishing Co.

N182c

We addressed this issue before in Cosgrove v. Industrial Indemnity Co. (1976), 170 Mont. 249, wherein we stated:

> Plaintiff argues that under the rule of liberal construction section 92-616 [presently § 39-71-611, MCA] should be interpreted as requiring the payment of attorneys' fees when the insurer has attempted to circumvent the statutory provision by agreeing to pay compensation before there has been an adjudication of compensability.. . .
>
> . . .
>
> While we must and do agree that the Workmens' Compensation Act should be construed liberally and in favor of the working man, the language of the statute must first allow some room for construction. It is obvious that section 92-616 . . . requires that the claim be "adjudged compensable, by the division or on appeal" before the insurer can be required to pay attorney fees. There has been no finding or adjudication of compensability by the Division or by the Worker's Compensation Court in this case.
>
> We must rule on the law as it is and not what some may desire it to be.

Cosgrove, 170 Mont. 254-255.

Our reasoning in Cosgrove is equally applicable to and dispositive of this case, and Yearout's attempts to distinguish Cosgrove from the instant case are not persuasive. There was no adjudication of compensability by the Workers' Compensation Court in this case, hence no award of attorney's fees is justified under § 39-71-611, MCA. We agree that there are equitable arguments favoring payment of attorney's fees by an insurer who denies a claim and then accepts liability after judicial proceedings have begun. However, such arguments must be presented to the Legislature. This Court must follow the law as written, and no award of attorney's fees is justified by § 39-71-611, MCA, under the facts of this case.

For the foregoing reasons, we affirm the order of the Workers' Compensation Court.

_____
                Justice

We Concur:

_____

_____

_____
                Justices

- 6 -

Mr. Justice John C. Sheehy, dissenting:

It is merely coincidental that Justice Hunt, who authors the majority opinion, was the Workers' Compensation Judge whose decision not to award attorneys fees was affirmed in Cosgrove v. Industrial Indemnity Company (1976), 170 Mont. 249, 552 P.2d 622.

For my part I think we construe § 39-71-611, MCA, too narrowly under the facts of this case. When the claimant, whose benefits had been refused by the State Fund, had to resort to the Workers' Compensation Court for relief, he did so under § 39-71-2905, MCA. Under that statute, the Workers' Compensation Judge has exclusive jurisdiction to make determinations concerning disputes for workers' compensation. When a claim has been unreasonably delayed or refused by the insurer, either prior to or subsequent to the issuance of an order by the Workers' Compensation Judge, the claimant is entitled to a penalty of 20 percent of the benefits under § 39-71-2907, MCA.

A pretrial order in this case was entered by the Workers' Compensation Court, agreed to be the parties on June 11, 1985. Under Section F, entitled "Issues to be Determined by the Court" the three issues listed were: (1) whether claimant was injured within the course and scope of his employment, (2) whether he was entitled to costs and attorneys fees pursuant to § 39-71-611, MCA, and (3) whether he was entitled to the 20 percent penalty under § 39-71-2907, MCA.

On the same day however, June 11, 1985, both counsel appeared before the Workers' Compensation Court and there counsel for the State Fund confessed to the Court that the

- 7 -

claim was compensable, and that the claimant was entitled to the 20 percent penalty for unreasonable delay. The question of claimant's right to attorneys fees was reserved for briefing and the further order of the Court.

Although the Workers' Compensation Court had exclusive jurisdiction of the claim at that point, it did not enter an order based on the stipulated liability of the State Fund. Since the Court had exclusive jurisdiction of all the issues under § 39-71-2905, MCA, it should of course had entered an order making binding the stipulated liability. The claimant in this case was entitled to a binding order from the Workers' Compensation Court, which would have the effect of an ajudication for the purpose of attorneys fees under § 39-71-611, MCA.

There is an important reason why attorneys fees as well as the penalty should be exacted in this case. Under § 39-71-2905, MCA, it is provided that "the penalties and assessments allowed against an insurer under Chapter 71 are the exclusive penalties and assessments that can be assessed against an insurer for disputes arising under Chapters 71." Here there is admission by the State Fund that it acted unreasonably in delaying refusing benefits to the claimant. If its actions were not in good faith, it is not liable for punitive damages. Birkenbuel v. Montana State Comp. Ins. Fund (1984), ___ Mont. ___, 687 P.2d 700 It is the obvious intention of the legislature that penalties and assessments against the State Fund in particular are the weapons available to the Workers' Compensation Court to ensure fair dealing with claimants. We should interpret the penalties and assessments to make the legislative intent effective.

- 8 -

I therefore dissent and would award in this case attorneys fees and costs, in addition to the 20 percent penalty.

John C. Sheehy
Justice