No. 85-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JOHN D. LASAR,

        Claimant and Appellant,

  -vs-

E.H. OFTEDAL & SONS, Employer,

    and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Herndon, Harper & Munro; James G. Edmiston, Billings,
Montana

    For Respondent:

        Crowley Law Firm; Terry G. Spear, Billings, Montana

---

Submitted on Briefs: March 21, 1986

Decided:   July 15, 1986

Filed: JUL 15 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

John D. Lasar, the claimant, appeals a judgment of the Workers' Compensation Court denying him an award of costs and attorneys' fees. He does not appeal the denial of a lump sum award or the denial of an imposition of the 20% penalty made as part of the same judgment. We affirm.

The claimant was injured in 1979 while employed by E.H. Oftedal & Sons, a Montana employer insured by the State Compensation Insurance Fund (defendant). The defendant paid temporary total disability wage loss benefits from the time of the accident.

On November 30, 1984 the claimant petitioned for a hearing requesting that he be found totally and permanently disabled, that his benefits be converted to a lump sum, that a penalty be imposed on defendant, and that he receive attorneys' fees and costs. The parties had a pre-trial conference with the hearings examiner on January 3, 1985. The defendant deposed the claimant the next day and conceded permanent total disability around January 17, 1985. The case proceeded to a hearing on February 5, 1985, on the remaining issues. The Workers' Compensation Court found the claimant was not entitled to a lump sum, a penalty, or attorneys' fees and costs in a judgment dated July 23, 1985.

The claimant raises one issue on appeal:

Whether the Workers' Compensation Court erred in denying the claimant an award of attorneys' fees and costs.

The claimant sought attorneys' fees and costs at the lower court level pursuant to § 39-71-611, MCA, and argues entitlement under § 39-71-612, MCA, on appeal. The judgment

2

of the Workers' Compensation Court does not specify which statute was the basis for the decision. We find the claimant is not entitled under either statute.

Section 39-71-611, MCA, (1983) states:

> In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge.

This is not a case where the insurer denied liability for a claim or terminated benefits. Thus, the claimant is not entitled to attorneys' fees and costs under this statute. See, Krause v. Sears Roebuck & Co. (1982), 197 Mont. 102, 641 P.2d 458.

Section 39-71-612, MCA, (1983) states:

> (1) If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to a hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation.
>
> (2) When an attorney's fee is awarded against an employer or insurer under this section there may be further assessed against the employer or insurer reasonable costs, fees, and mileage for necessary witnesses attending a hearing on the claimant's behalf. Both the necessity for the witness and the reasonableness of the fees must be approved by the division or the workers' compensation judge.

Under this statute, there are two conditions to an award of attorneys' fees and costs where an insurer has paid or

3

tendered payment of compensation. First, the amount of compensation must be in controversy and second, the amount awarded must exceed that paid or tendered. Here, the defendant conceded permanent total disability nearly three weeks before trial, before discovery or any new written documentation other than the claimant's deposition had been completed. Since the insurer agreed on the amount of compensation due, no controversy existed at trial and the amount awarded was the same as that agreed upon as due.

Contrary to claimant's contention, this case is not "on all fours" with Krause, 197 Mont. 102, 641 P.2d 458. In Krause, the defendant took the position that the claimant was not permanently totally disabled because he refused to submit to surgery recommended by an examining physician. During its opening statement at the hearing, the defendant conceded permanent total disability for the first time. This Court held that, under § 39-71-612, MCA, the claimant was entitled to attorneys' fees and costs relating to his proof of permanent total disability. Here, three weeks before the hearing, after receiving only the claimant's deposition and no other discovery materials, the defendant agreed the claimant was permanently totally disabled. The claimant was not required to submit any proof on this issue at the hearing. Because of these differing circumstances, Krause is not controlling authority for the case at bar. We hold that the Workers' Compensation Court correctly denied the claimant's request for attorneys' fees and costs.

The decision of the Workers' Compensation Court is affirmed.

_____
Justice

4

We Concur:

_J. A. Turnage_
Chief Justice

_Justices_