No. 87-15

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

ROBERT LEIKAM,

        Claimant and Appellant,

   -vs-

EDSON EXPRESS, Employer,

    and

HOME INSURANCE COMPANY,

      Defendant and Respondent.

_____

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Vernon E. Woodward, Billings, Montana

    For Respondent:

        James, Gray & McCafferty; Randall H. Gray, Great
        Falls, Montana

_____

Submitted on Briefs: April 16, 1987

Decided: August 12, 1987

Filed: AUG 12 1987.

*Ethel M. Harrison*

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Claimant, Robert W. Leikam, appeals from an order of the Workers' Compensation Court denying his motion to enter judgment in his favor after the parties stipulated to defendant's liability and to vacate trial.

We affirm the order of the Workers' Compensation Court.

The issues presented for review by claimant in this case are:

1. Whether the Workers' Compensation Court erred in denying claimant's motion for entry of judgment.

2. Whether claimant is entitled to an award of attorney fees pursuant to § 39-71-611, MCA.

The facts in this case are undisputed.

Appellant, Robert Leikam, was a long distance truck driver for Edson Express from 1981 through early 1986. On September 20, 1984, Leikam suffered a low back injury while unloading washing machines.

Leikam timely reported his injury to his employer and filed a claim for compensation. The insurance carrier, Home Insurance Company (hereinafter Home), accepted liability for the injury. Leikam continued working after the accident until he lost his job on January 16, 1986 for reasons not related to his Workers' Compensation claim.

Between the date of the injury and February of 1986, Leikam visited a chiropractor many times for treatment. Home compensated Leikam for these treatments.

In March, 1986, claimant saw Dr. James T. Lovitt, a Billings Montana orthopedic surgeon who advised him that he could no longer work as a result of his industrial accident.

He informed Home of this new development and requested that Home begin paying temporary total disability benefits to him.

Home denied the claim, requesting additional medical examinations before complete medical benefits and temporary total disability benefits would be paid. Claimant filed a petition with the Workers' Compensation Court. As discovery developed, Home agreed to place Leikam on temporary total disability benefits, on a non-acceptance basis, pending further investigation.

On July 14, 1986, the parties filed a final pre-trial order which listed the following issues to be resolved by the Workers' Compensation Court.

> 1. Is the Claimant currently temporarily totally disabled as a result of the September 22, 1984, industrial injury?
>
> 2. If so, what, if any, temporary total disability benefits is the Claimant entitled to?
>
> 3. Is the Claimant entitled to any penalty pursuant to Section 39-71-2907, MCA?
>
> 4. Is the claimant entitled to reasonable attorney's fees and costs?
>
> 5. Is the Defendant estopped from denying acceptance of this claim?

The case was initially scheduled for trial on July 22, 1986, but was continued until November. On July 29, counsel for both parties had a lengthy telephone conversation with a neurologist from Billings who had treated Leikam upon referral by his primary treating physician. As a result of this phone conversation, Home stipulated to liability for the September 22, 1984 injury and agreed to retroactively pay all temporary total disability benefits arising therefrom. The November trial date was vacated. Subsequent to the parties'

stipulation, Leikam moved the Workers' Compensation Court for entry of judgment pursuant to the stipulated agreement.

On December 26, 1986, the Workers' Compensation Court entered its order denying Leikam's motion for entry of judgment and dismissing the petition sua sponte. The order was based on a lack of jurisdiction to enter judgment when there was no longer any dispute.

Claimant appeals from this order alleging: 1) that the Workers' Compensation Court does have jurisdiction to enter judgment and 2) should award claimant attorney fees, costs and a 20% penalty provided for by § 39-71-2907, MCA.

The second issue of whether claimant is entitled to an award of attorney fees and/or a penalty is dispositive in this case.

Regardless of whether or not we hold that the Workers' Compensation Court did have jurisdiction to enter judgment pursuant to the parties' stipulation, the outcome would be the same as to attorney fees. Entering judgment pursuant to a stipulation does not amount to a judgment of compensability as required by § 39-71-611, MCA:

> In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge.

In Lasar v. Oftedal & Sons (Mont. 1986), 721 P.2d 352, 353, 43 St.Rep. 1239, 1240, this Court held that where there is a situation in which the insurer does not deny liability for a claim or terminate benefits the claimant is not entitled to attorneys fees and costs under § 39-71-611, MCA. Home accepted liability for Leikam's claim and did not terminate his benefits.

- 4 -

Adjudication of a Workers' Compensation claim as compensable is a prerequisite to allowance of attorney fees pursuant to this statute. Cosgrove v. Industrial Indemnity Co. (1976), 170 Mont. 249, 254, 552 P.2d 622, 624.

> If an insurer denies liability for a claim for compensation, the insurer is liable for attorney's fees if the claim is later <u>adjudged</u> compensable by the Workers' Compensation judge. It is clear from the language of the statute that there must be an adjudication of compensability before an award of attorney's fees is authorized.

Yearout v. State Compensation Insurance Fund (Mont. 1986), 719 P.2d 1258, 1259, 43 St.Rep. 1063, 1065.

In this case, there was no adjudication of compensability. The parties settled their compensation dispute before the trial date, vacating the trial. As we stated in <u>Yearout</u>, 719 P.2d at 1260, the proper forum for redress of this sometimes harsh result is the Legislature. Other alternative remedies may be available to claimant.

The decision of the Workers' Compensation Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

R. C. McDonough
Justices

- 6 -

Mr. Justice John C. Sheehy, dissenting:


I dissented in Yearout, 719 P.2d at 1260-1261, and I dissent here for the same reasons.

The practice of insurers in the state (and it is a practice) to force employees to obtain attorneys in order to get their rightful benefits, and then to confess liability at or near the time of trial ought to be condemned by us and prohibited by the assessment of penalties and attorney fees. This Court reads § 39-71-611, MCA too narrowly when it requires an actual adjudiciation before it will assess the penalties.

The intent and purpose of the Workers' Compensation Act is to make some provision to the worker for his economic loss brought about by his injuries. Rarely does he recover the whole amount of his loss. When a recalcitrant insurer delays and denies his benefits, and forces him to the Workers' Compensation Court to obtain his rights, at that point he should be entitled to the penalties if his cause is just. Our refusal of those penalties is another economic loss to the worker because he must then bear the expense of his litigation. I cannot believe that result is what the legislature intended.

John C. Sheehy
_____
Justice