No. 87-052

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

PATRICIA MC NEEL

        Appellant

vs

HOLY ROSARY HOSPITAL and E.B.I/ORION GROUP, INC.,
and GLACIER GENERAL ASSURANCE CO.,

        Respondents

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

KELLEHER LAW OFFICE; Robert C. Kelleher, Sr.,
Billings, Montana,

For Respondent:

MULRONEY, DELANEY and SCOTT; P. Mars Scott,
Missoula, Montana
JAMES, GRAY and MC CAFFERTY; Charles S. Lucero,
Great Falls, Montana

Submitted on Briefs: July 23, 1987

Decided: September 22, 1987

Filed: SEP 22 1987

*Ethel M. Harrison*

———————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Workers' Compensation Court. The appellant, Patricia McNeel, moved for the payment of attorney fees and expenses following the settlement of a work related injury. Pursuant to § 39-71-611, MCA, the Workers' Compensation Court denied the payment of attorney fees because the claim was not adjudged compensable. We affirm.

Patricia McNeel, claimant and appellant, was employed as a housekeeper by Holy Rosary Hospital in Miles City, Montana. While pulling heavy bags of garbage during a work shift on February 11, 1986, she suffered injury to her neck, back, and shoulder areas. McNeel was able to complete her work shift on that day as well as the following day. However, the injury later forced her to seek medical treatment. Subsequently, McNeel pursued a workers' compensation claim and on April 30, 1986 McNeel's attorney petitioned the Workers' Compensation Court for an emergency hearing. Respondent, E.B.I. Companies (EBI), was the workers' compensation carrier for McNeel's employer on the date of the injury.

A liability dispute arose because McNeel previously sustained a similar work related injury on November 3, 1983. McNeel received medical permission to return to her regular employment on May 7, 1984. At the time of the previous injury, Glacier General Assurance Company (Glacier) was the workers' compensation insurance carrier for McNeel's employer. Glacier accepted liability for this prior injury and paid certain disability and medical benefits. Glacier denied liability for the injury occurring on February 11, 1986 on the basis that it was a new injury or an aggravation of a preexisting injury which had achieved a medically stable

condition. EBI denied liability as well and on the basis that any current injury was a result of the earlier injury and therefore a responsibility of the former carrier.

On May 22, 1986, EBI agreed to provisionally pay temporary total disability benefits and medical expenses. In doing so, EBI did not admit liability and reserved all defenses. After EBI agreed to pay these benefits on a nonacceptance basis, a June hearing date was postponed. A September hearing date was set, but was vacated to allow for continuing discovery. The hearing was then rescheduled for November. On the day before the hearing EBI advised McNeel's counsel it would accept liability for the claim.

Following the above acceptance of liability, McNeel submitted a motion to the Workers' Compensation Court to grant reasonable attorney fees and expenses. The motion was denied based on § 39-71-611, MCA, and the fact that the claim was settled prior to the hearing and not adjudged compensable.

The issue presented on appeal is whether the Workers' Compensation Court committed error in denying the motion for attorney fees and expenses when liability is admitted and settlement is achieved just prior to a hearing.

Appellant's counsel contends that the payment of attorney fees and expenses is justified in this case for a variety of reasons. A significant amount of time and effort was devoted to preparing the case for a hearing. Settlement was not reached until EBI admitted liability on the day before the hearing at 5:00 p.m. or shortly thereafter. Due to the timing of the settlement, appellant's counsel contends he was required to extensively prepare for the hearing. Additionally, there was preparation on two prior occasions, but the hearing was postponed on each occasion.

Appellant has a credible argument in that the payment of reasonable attorney fees and expenses would be equitable or fair. However, the applicable law simply does not allow for it. Generally, attorney fees are not recoverable without an agreement between the parties or some statutory authorization. Yearout v. Rainbow Painting (Mont. 1986), 719 P.2d 1258, 1259, 43 St.Rep. 1063, 1064. The rule to be followed under the facts of this case is stated in § 39-71-611, MCA:

> Costs and attorneys' fees payable on denial of claim or termination of benefits later found compensable. In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge.

The above section is specific and leaves no room for construction or interpretation. Appellant is not entitled to costs and attorney fees unless the insurer denies liability and the claim is later adjudged compensable. Under the facts presented, the claim was settled prior to the hearing and was therefore not adjudged compensable.

This decision is in conformity with prior decisions on this issue. In Yearout v. Rainbow Painting (Mont. 1986), 719 P.2d 1258, 1259, 43 St.Rep. 1063, 1065, we stated:

> In this case, the statute authorizing attorney's fees, § 39-71-611, MCA, is clear and unambiguous. If an insurer denies liability for a claim for compensation, the insurer is liable for attorney's fees if the claim is later adjudged compensable by the Workers' Compensation judge. It is clear from the language of the statute that there must be an adjudication of compensability

4

> before an award of attorney's fees is
> authorized. (Emphasis in original.)

Likewise, the issue was addressed in Cosgrove v. Industrial Indemnity Co. (1976), 170 Mont. 249, 255, 552 P.2d 622, 625, wherein we stated:

> It is obvious that section 92-616 [the forerunner to § 39-71-611, MCA] . . . requires that the claim be "adjudged compensable, by the division or on appeal" before the insurer can be required to pay attorney fees.
>
> . . .
>
> We must rule on the law as it is and not what some may desire it to be.

See also, Leikam v. Edson Express (Mont. 1987), ____ P.2d ____, 44 St.Rep. 1347; and, Lasar v. Oftedal and Sons (Mont. 1986), 721 P.2d 352, 353, 43 St.Rep. 1239, 1240.

While we agree that appellant has presented an equitable argument for the payment of costs and attorney fees, we must follow the law as it is written. Arguments to the contrary must be presented to the legislature. The law as it is currently written allows for costs and attorney fees only after a claim has been adjudged compensable.

For the foregoing reasons, we affirm the order of the Workers' Compensation Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Mr. Justice William E. Hunt, Sr., specially concurring:


I concur with the result in the majority opinion in light of the statutory language and controlling precedent. I wish to emphasize, however, that this is a particularly unfortunate and harsh result.

Section 39-71-611, MCA, must not become a weapon in the hands of the insurance companies operating in this state by forcing employees to incur the cost of trial preparation and then settling at or just before trial. See Leikam v. Edson Express (Mont. 1987), ____ P.2d ___, 44 St.Rep. 1347, 1350 (Sheehy, J., dissenting).

Under such circumstances an action for bad faith may lie. In Birkenbuel v. Montana State Comp. Ins. Fund (Mont. 1984), 687 P.2d 700, 41 St.Rep. 1647, this Court held that independent actions against an insurer for bad faith are not barred by the exclusive nature of the Workers' Compensation remedy. Birkenbuel, 687 P.2d at 703. See generally, Hayes v. Aetna Fire Underwriters (1980), 187 Mont. 148, 609 P.2d 257. Since the conduct complained of in third-party bad faith claims occurs outside the employment relationship and therefore is not compensated by the Workers' Compensation scheme, it would be inequitable to preclude recovery for such intentional conduct. As we stated in Birkenbuel, "Any contrary interpretation would result in the inequity whereby workers surrendered more protection than they received when our statutory system of compensation was adopted." Birkenbuel, 687 P.2d at 702. Insurers are under a duty to effectuate prompt and equitable settlement of claims in which liability is clear. Section 33-18-201(6), MCA; Gibson v. Western Fire Ins. Co. (Mont. 1984), 682 P.2d 725, 730, 41 St.Rep. 1048, 1050. And where the duty is breached by

actions intentionally meant to intimidate a claimant, he is entitled to a remedy outside the Workers' Compensation scheme. <u>Hayes</u>, 609 P.2d at 262. Here, E.B.I. and Glacier General Assurance both denied liability from the beginning. This in itself is not evidence of bad faith but when coupled with the fact that E.B.I. settled, as appellant terms it, at the eleventh hour, thus avoiding attorney fees and expenses, the insurer's good faith becomes less clear. In fairness to E.B.I. it must be pointed out as the majority has done, E.B.I. paid temporary total disability from May 22, 1986 to the claimant; but it also must be pointed out that the costs incurred by Patricia McNeel in pursuing her Workers' Compensation claim were directly and proximately caused by E.B.I.'s delay in making a final decesion that she was entitled to her benefits.

It is within the realm of the legislature to change this easily abused law but it is up to the individual claimants to seek alternative remedies.

Justice

Mr. Justice John C. Sheehy, dissenting:

How long, oh how long, will this Court defer to the legislature to cure a practice of Workers' Compensation insurers which forces employees to burden themselves with attorney fees to obtain their rightful compensation benefits?

There is really no need to defer to the legislature to end this cruel-hearted practice. The Workers' Compensation Court itself, could, upon receiving a stipulation from an insurer that agrees that a worker is entitled to benefits, adopt the stipulation and adjudicate the compensability. This Court could interpret a settlement arrived at in the Workers' Compensation Court which provides for benefits but gives rise to a dismissal in that Court to be itself an adjudication entitling the worker to his attorney fees. The legislature never intended that an insurer, without penalty, could deny a worker his compensation benefits until just short of his trial to recover such benefits. The practice persists because we lack the will to stop it.

The number of cases on this point coming to us in recent times indicates how widespread the practice is. We can only guess the number of cases where attorney fees have been denied in similar circumstances and the denials have not been appealed. In just the last two years, we have had Yearout v. Rainbow Painting (Mont. 1986), 719 P.2d 1258, 43 St.Rep. 1063 (Sheehy, J. dissenting); Lasar v. Oftedal and Sons (Mont. 1986), 721 P.2d 352, 43 St.Rep. 1239 (Sheehy, J. not participating); Leikam v. Edson Express (Mont. 1987), ___ P.2d ___, 44 St.Rep. 1347 (Sheehy, J. dissenting); and now this case.

While I agree with Justice Hunt in his concurrence foregoing that an action for bad faith may well lie against

insurers for this practice, such an action would not lie against State Compensation Insurance Fund. Birkenbuel v. Montana State Comp. Ins. Fund (Mont. 1984), 687 P.2d 700, 41 St.Rep. 1647. One decision by this Court would stop this unjustified practice.

_____
Justice