MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the Workers’ Compensation Court. The appellant, Patricia McNeel, moved for the payment of attorney fees and expenses following the settlement of a work related injury. Pursuant to Section 39-71-611, MCA, the Workers’ Compensation Court denied the payment of attorney fees because the claim was not adjudged compensable. We affirm.
Patricia McNeel, claimant and appellant, was employed as a housekeeper by Holy Rosary Hospital in Miles City, Montana. While pulling heavy bags of garbage during a work shift on February 11, 1986, she suffered injury to her neck, back, and shoulder areas. McNeel was able to complete her work shift on that day as well as the following day. However, the injury later forced her to seek medical treatment. Subsequently, McNeel pursued a workers’ compensation claim and on April 30, 1986, McNeel’s attorney petitioned the Workers’ Compensation Court for an emergency hearing. Respondent, E.B.I. Companies (EBI), was the workers’ compensation carrier for McNeel’s employer on the date of the injury.
A liability dispute arose because McNeel previously sustained a similar work related injury on November 3, 1983. McNeel received medical permission to return to her regular employment on May 7, 1984. At the time of the previous injury, Glacier General Assurance Company (Glacier) was the workers’ compensation insurance carrier for McNeel’s employer. Glacier accepted liability for this prior injury and paid certain disability and medical benefits. Glacier denied liability for the injury occurring on February 11, 1986 on the basis that it was a new injury or an aggravation of a pre-existing injury which had achieved a medically stable condition. EBI denied liability as well and on the basis that any current injury was a result of the earlier injury and therefore a responsibility of the former carrier.
On May 22, 1986, EBI agreed to provisionally pay temporary total disability benefits and medical expenses. In doing so, EBI did not admit liability and reserved all defenses. After EBI agreed to pay these benefits on a nonacceptance basis, a June hearing date was postponed. A September hearing date was set, but was vacated to allow for continuing discovery. The hearing was then rescheduled *426 for November. On the day before the hearing EBI advised McNeel’s counsel it would accept liability for the claim.
Following the above acceptance of liability, McNeel submitted a motion to the Workers’ Compensation Court to grant reasonable attorney fees and expenses. The motion was denied based on Section 39-71-611, MCA, and the fact that the claim was settled prior to the hearing and not adjudged compensable.
The issue presented on appeal is whether the Workers’ Compensation Court committed error in denying the motion for attorney fees and expenses when liability is admitted and settlement is achieved just prior to a hearing.
Appellant’s counsel contends that the payment of attorney fees and expenses is justified in this case for a variety of reasons. A significant amount of time and effort was devoted to preparing the case for a hearing. Settlement was not reached until EBI admitted liability on the day before the hearing at 5:00 p.m. or shortly thereafter. Due to the timing of the settlement, appellant’s counsel contends he was required to extensively prepare for the hearing. Additionally, there was preparation on two prior occasions, but the hearing was postponed on each occasion.
Appellant has a credible argument in that the payment of reasonable attorney fees and expenses would be equitable or fair. However, the applicable law simply does not allow for it. Generally, attorney fees are not recoverable without an agreement between the parties or some statutory authorization. Yearout v. Rainbow Painting (Mont. 1986), [222 Mont. 65,] 719 P.2d 1258, 1259, 43 St.Rep. 1063, 1064. The rule to be followed under the facts of this case is stated in Section 39-71-611, MCA:
“Costs and attorneys’ fees payable on denial of claim or termination of benefits later found compensable. In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers’ compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys’ fees as established by the workers’ compensation judge.”
The above section is specific and leaves no room for construction or interpretation. Appellant is not entitled to costs and attorney fees unless the insurer denies liability and the claim is later adjudged compensable. Under the facts presented, the claim was settled prior to the hearing and was therefore not adjudged compensable.
This decision is in conformity with prior decisions on this issue. In *427 Yearout v. Rainbow Painting (Mont. 1986), [222 Mont. 65,] 719 P.2d 1258, 1259, 43 St.Rep. 1063, 1065, we stated:
“In this case, the statute authorizing attorney’s fees, Section 39-71-611, MCA, is clear and unambiguous. If an insurer denies liability for a claim for compensation, the insurer is liable for attorney’s fees if the claim is later adjudged compensable by the Workers’ Compensation judge. It is clear from the language of the statute that there must be an adjudication of compensability before an award of attorney’s fees is authorized.” (Emphasis in original.)
Likewise, the issue was addressed in Cosgrove v. Industrial Indemnity Co. (1976), 170 Mont. 249, 255, 552 P.2d 622, 625, wherein we stated:
“It is obvious that section 92-616 [the forerunner to Section 39-71-611, MCA] requires that the claim be ‘adjudged compensable, by the division or on appeal’ before the insurer can be required to pay attorney fees.
“We must rule on the law as it is and not what some may desire it to be.”
See also, Leikam v. Edson Express (Mont. 1987), [228 Mont. 66,] 740 P.2d 1130, 44 St.Rep. 1347; and, Lasar v. Oftedal and Sons (Mont. 1986), [222 Mont. 251,] 721 P.2d 352, 353, 43 St.Rep. 1239, 1240.
While we agree that appellant has presented an equitable argument for the payment of costs and attorney fees, we must follow the law as it is written. Arguments to the contrary must be presented to the legislature. The law as it is currently written allows for costs and attorney fees only after a claim has been adjudged compensable.
For the foregoing reasons, we affirm the order of the Workers’ Compensation Court.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, GULBRANDSON and McDONOUGH concur.