MR. JUSTICE HUNT,
specially concurring:
I concur with the result in the majority opinion in light of the statutory language and controlling precedent. I wish to emphasize, however, that this is a particularly unfortunate and harsh result.
Section 39-71-611, MCA, must not become a weapon in the hands of the insurance companies operating in this state by forcing employees to incur the cost of trial preparation and then settling at or *428 just before trial. See Leikam v. Edson Express (Mont. 1987), [228 Mont. 66,] 740 P.2d 1130, 44 St.Rep. 1347, 1350 (Sheehy, J., dissenting).
Under such circumstances an action for bad faith may lie. In Birkenbuel v. Montana State Comp. Ins. Fund (Mont. 1984), [212 Mont. 139,] 687 P.2d 700, 41 St.Rep. 1647, this Court held that independent actions against an insurer for bad faith are not barred by the exclusive nature of the Workers’ Compensation remedy. Birkenbuel, 687 P.2d at 703. See generally, Hayes v. Aetna Fire Underwriters (1980), 187 Mont. 148, 609 P.2d 257. Since the conduct complained of in third-party bad faith claims occurs outside the employment relationship and therefore is not compensated by the Workers’ Compensation scheme, it would be inequitable to preclude recovery for such intentional conduct. As we stated in Birkenbuel, “Any contrary interpretation would result in the inequity whereby workers surrendered more protection than they received when our statutory system of compensation was adopted.” Birkenbuel, 687 P.2d at 702. Insurers are under a duty to effectuate prompt and equitable settlement of claims in which liability is clear. Section 33-18-201(6), MCA; Gibson v. Western Fire Ins. Co. (Mont. 1984), [210 Mont. 267,] 682 P.2d 725, 730, 41 St.Rep. 1048, 1050. And where the duty is breached by actions intentionally meant to intimidate a claimant, he is entitled to a remedy outside the Workers’ Compensation scheme. Hayes, 609 P.2d at 262. Here, E.B.I. and Glacier General Assurance both denied liability from the beginning. This in itself is not evidence of bad faith but when coupled with the fact that E.B.I. settled, as appellant terms it, at the eleventh hour, thus avoiding attorney fees and expenses, the insurer’s good faith becomes less clear. In fairness to E.B.I. it must be pointed out as the majority has done, E.B.I. paid temporary total disability from May 22, 1986 to the claimant; but it also must be pointed out that the costs incurred by Patricia McNeel in pursuing her Workers’ Compensation claim were directly and proximately caused by E.B.I.’s delay in making a final decision that she was entitled to her benefits.
It is within the realm of the legislature to change this easily abused law but it is up to the individual claimants to seek alternative remedies.