MR. JUSTICE SHEEHY,
dissenting:
How long, oh how long, will this Court defer to the legislature to cure a practice of Workers’ Compensation insurers which forces em *429 ployees to burden themselves with attorney fees to obtain their rightful compensation benefits?
There is really no need to defer to the legislature to end this cruelhearted practice. The Workers’ Compensation Court itself, could, upon receiving a stipulation from an insurer that agrees that a worker is entitled to benefits, adopt the stipulation and adjudicate the compensability. This Court could interpret a settlement arrived at in the Workers’ Compensation Court which provides for benefits but gives rise to a dismissal in that Court to be itself an adjudication entitling the worker to his attorney fees. The legislature never intended that an insurer, without penalty, could deny a worker his compensation benefits until just short of his trial to recover such benefits. The practice persists because we lack the will to stop it.
The number of cases on this point coming to us in recent times indicates how widespread the practice is. We can only guess the number of cases where attorney fees have been denied in similar circumstances and the denials have not been appealed. In just the last two years, we have had Yearout v. Rainbow Painting (Mont. 1986), [222 Mont. 65,] 719 P.2d 1258, 43 St.Rep. 1063 (Sheehy, J. dissenting); Lasar v. Oftedal and Sons (Mont. 1986), [222 Mont. 251,] 721 P.2d 352, 43 St.Rep. 1239 (Sheehy, J. not participating); Leikam v. Edson Express (Mont. 1987), [228 Mont. 66,] 740 P.2d 1130, 44 St.Rep. 1347 (Sheehy, J. dissenting); and now this case.
While I agree with Justice Hunt in his concurrence foregoing that an action for bad faith may well lie against insurers for this practice, such an action would not lie against State Compensation Insurance Fund. Birkenbuel v. Montana State Comp. Ins. Fund (Mont. 1984), [212 Mont. 139,] 687 P.2d 700, 41 St.Rep. 1647. One decision by this Court would stop this unjustified practice.