No. 99-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 234

301 Mont. 314

8 P. 3d 812

GARY GALETTI,

Petitioner and Appellant,

v.

MONTANA POWER COMPANY,

Respondent and Respondent.

APPEAL FROM: Workers' Compensation Court

The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chris J. Ragar, Attorney at Law, Bozeman, Montana

For Respondent:

W. Wayne Harper, Montana Power Company, Butte, Montana

Submitted on Briefs: March 16, 2000

Decided: August 25, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Gary Galetti appeals from both the Findings of Fact, Conclusions of Law and Judgment and the Order Denying Motion to Amend Except as to Costs entered by the Workers' Compensation Court of the State of Montana. We reverse.

¶2 Galetti raises the following issues on appeal:

¶3 1. Whether the Workers' Compensation Court erred in failing to assess attorney fees against Montana Power?

¶4 2. Whether the Workers' Compensation Court erred by not imposing a 20 percent penalty on all of the medical benefits Montana Power unreasonably delayed or refused?

## BACKGROUND

¶5 The facts as found by the Workers' Compensation Court are essentially undisputed by the parties. On August 13, 1983, Galetti suffered a compensable back injury while employed by Montana Power. Montana Power accepted liability for this injury. As a result of this injury, Galetti underwent a surgical procedure known as chemonucleolysis, which resulted in severe degenerative changes to Galetti's lumbar spine.

¶6 On December 11, 1994, Galetti experienced a flare-up of his back problem. The flare-up occurred after Galetti coughed while lying in bed. Galetti had been snowmobiling the day before. Galetti was hospitalized for five days as a result of the flare-up and incurred approximately $10,000 in medical expenses. These medical expenses were paid by Galetti's employer-provided health insurance plan, which is funded by contributions from both employees and Montana Power.

¶7 Galetti sought recovery from Montana Power for the medical expenses associated with the flare-up of his back condition, claiming that they were the result of his previous compensable injuries. Montana Power concluded that Galetti's medical expenses were due to Galetti's snowmobile outing and denied liability for his claim. However, Montana

Power did offer to pay Galetti $10,000 on a "non-acceptance basis." Galetti testified that Montana Power offered him between $10,000 and $12,000 in exchange for his agreement to give up his present claim for medical costs associated with his flare-up along with any further claims for workers' compensation liability arising out of his compensable back condition.

¶8 On June 4, 1998, Galetti filed a Petition for Hearing in the Workers' Compensation Court seeking reimbursement from Montana Power for reasonable medical expenses, attorney fees, and a 20 percent penalty for unreasonable refusal and delay in paying benefits. Montana Power denied liability, claiming that Galetti had not made a request for payment. The Workers' Compensation Court held a hearing on Galetti's petition on November 12, 1998. At the hearing, Montana Power conceded that Galetti's 1994 flare-up was related to his compensable injury in 1983 and accepted liability for his medical expenses. The issue of attorney fees and penalties remained.

¶9 The court entered its Findings of Fact, Conclusions of Law and Judgment on February 4, 1999. The court denied Galetti's request for attorney fees because Montana Power's concession of liability at the commencement of the hearing made an adjudication of liability unnecessary. The court imposed a 20 percent penalty against Montana Power for unreasonable delay or refusal to pay compensation, but not on the entire amount of reasonable medical expenses. The court segregated the portion of expenses paid by Galetti's health insurance plan into two categories: payments attributable to employee contributions and payments attributable to Montana Power contributions. The court did not impose a 20 percent penalty on that portion of the health insurance plan payments attributable to Montana Power contributions.

¶10 Galetti filed a motion to amend the court's judgment, seeking attorney fees and costs pursuant to either §§ 39-71-611 or -612, MCA, as well as a 20 percent penalty on the full amount of workers' compensation benefits denied. On April 19, 1999, the Workers' Compensation Court denied Galetti's motion to amend. Galetti appeals.

## STANDARD OF REVIEW

¶11 We review the Workers' Compensation Court's findings of fact to determine whether they are supported by substantial credible evidence. *See Matthews v. State Compensation Ins. Fund*, 1999 MT 225, ¶ 5, 296 Mont. 76, ¶ 5, 985 P.2d 741, ¶ 5. We review the Workers' Compensation Court's conclusions of law to determine whether they are correct.

*Matthews*, ¶ 5.

## ISSUE ONE

¶12 Whether the Workers' Compensation Court erred in failing to assess attorney fees against Montana Power?

¶13 The Workers' Compensation Court concluded that Galetti was not entitled to an award of attorney fees under § 39-71-612, MCA (1983), because the controversy between the parties was not related to the amount due. The court concluded that Galetti was not entitled to an award of fees under § 39-71-611, MCA (1983), because Montana Power conceded liability for the benefits at the commencement of trial and thus an adjudication of the claim was unnecessary.

¶14 Montana Power claims that its denial of compensation for the 1994 flare-up of Galetti's previous back injury was a "termination of compensation benefits" and, therefore, pursuant to our decision in *Allen v. Treasure State Plumbing* (1990), 246 Mont. 105, 803 P.2d 644, Galetti's claim for attorney fees must be analyzed under § 39-71-611, MCA (1983). Montana Power contends that Galetti is not entitled to fees under § 39-71-611, MCA (1983), because Montana Power conceded liability prior to the commencement of the hearing before the Workers' Compensation Court.

¶15 Montana Power's assertion that Galetti is not entitled to fees under § 39-71-611, MCA (1983), is correct. As a preliminary matter, we determine whether a claimant is entitled to attorney fees pursuant to the statute in effect on the date of the claimant's injury. *See Madill v. State Compensation Ins. Fund* (1997), 280 Mont. 450, 458, 930 P.2d 665, 670. Section 39-71-611, MCA (1983), provides:

> In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees . . . .

¶16 Montana Power's refusal to pay benefits on the grounds that a subsequent injury relieved it of further liability for Galetti's back condition was "tantamount to a 'termination of compensation benefits.'" *See Allen*, 246 Mont. at 110, 803 P.2d at 647. The Workers' Compensation Court correctly concluded that Montana Power was not liable for attorney

fees under § 39-71-611, MCA (1983), because Montana Power's concession of liability at the commencement of the hearing did not amount to an adjudication of compensability. *See Yearout v. Rainbow Painting* (1986), 222 Mont. 65, 68, 719 P.2d 1258, 1260.

¶17 However, the Workers' Compensation Court's conclusion that an analysis of Galetti's right to attorney fees under § 39-71-611, MCA (1983), ends the issue of whether Galetti is entitled to attorney fees is incorrect. The determination that Montana Power is not liable for attorney fees under § 39-71-611, MCA (1983), pursuant to our decisions in *Allen* and *Yearout* does not preclude Montana Power's liability for attorney fees under § 39-71-612, MCA (1983). The applicability of § 39-71-612, MCA (1983), to a refusal to pay further claims of compensation arising from an injury for which an employer has already accepted liability was not addressed in either *Allen* or *Yearout*.

¶18 Section 39-71-612(1), MCA (1983), provides:

> If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee . . . based solely upon the difference between the amount settled for or awarded and the amount tendered and paid, may be awarded in addition to the amount of compensation.

¶19 Galetti claims that he is entitled to fees under § 39-71-612, MCA (1983), because the controversy related to the amount of compensation due. Galetti notes that Montana Power had already accepted liability for his 1983 back injury and had paid compensation benefits related to this injury. Thus, he claims that Montana Power's refusal to pay expenses associated with the 1994 flare-up of his back injury resulted in a controversy which related to the amount he was due for his back injury.

¶20 Section 39-71-612, MCA (1983), has three elements: (1) an employer or insurer must pay or tender payment of compensation under chapter 71 or 72; (2) there must be a controversy which "relates to the amount of compensation due"; and (3) the settlement or award must be greater than the amount paid or tendered by the employer or insurer.

¶21 The first issue is whether Montana Power paid or tendered payment of compensation under chapter 71 or 72. Montana Power paid compensation for Galetti's back injury under

chapter 71 or 72 when it accepted workers' compensation liability for the medical expenses arising from Galetti's back condition and paid claims of compensation associated with that injury.

¶22 The second issue is whether the controversy between Galetti and Montana Power related to an amount due. A denial of a claim for further benefits for medical expenses arising from a work-related injury for which the employer has previously accepted liability is a controversy which relates to the amount of compensation due for that work-related injury. Montana Power had previously accepted liability for Galetti's back condition. Galetti asked Montana Power to pay for the medical expenses he incurred as a result of a flare-up of his back condition. Montana Power initially refused to pay for these expenses, asserting that Galetti was not due these expenses because they were not the result of his previous back condition, but rather were a result of a snowmobile outing. Montana Power's refusal of Galetti's claim for further benefits for his compensable back condition related to the amount Galetti was due for this condition.

¶23 We also note that according to the Findings of Fact, Conclusions of Law and Judgment of the Workers' Compensation Court, one of the issues set forth in the Final Pretrial Order was "[w]hether MPC is liable for the medical expenses that [Galetti] incurred in December 1994 and thereafter, *as medical benefits under the Workers' Compensation Act for [Galetti's] 1983 injury*, and if so, to what extent." (Emphasis added.) Thus, the Workers' Compensation Court clearly understood that the issue of the amount of compensation Galetti was due for his 1983 injury was before it.

¶24 The last element of § 39-71-612(1), MCA (1983), requires us to determine whether the settlement was "greater than the amount paid . . . by the employer." As discussed above, the amount paid by Montana Power was the total amount of previous claims for compensation arising out of Galetti's compensable back condition for which Montana Power had accepted liability and paid. The settlement between Galetti and Montana Power is greater than the amount paid in that Montana Power accepted workers' compensation liability for Galetti's reasonable medical expenses occasioned by the flare-up of his back condition. By accepting liability, Montana Power conceded that Galetti was due more workers' compensation than it had previously paid.

¶25 All three of the elements of § 39-71-612, MCA (1983), are met on the facts of this case. Accordingly, we conclude that the Workers' Compensation Court erred when it concluded that Galetti was not entitled to attorney fees. We hold that Galetti is entitled to

attorney fees based on the difference between the amount of the settlement and the amount of compensable benefits arising from his back injury which Montana Power had previously paid. *See* § 39-71-612, MCA (1983). The difference between the settlement and the amount paid is equal to the amount of compensable benefits for which Montana Power conceded liability at the beginning of the Workers' Compensation Court hearing. We note that "the presumption is that a reasonable basis for the attorney fee award is [the petitioner's] fee agreement with his attorney." *Madill*, 280 Mont. at 463, 930 P.2d at 673.

## ISSUE TWO

¶26 Whether the Workers' Compensation Court erred by not imposing a 20 percent penalty on all of the medical benefits Montana Power unreasonably delayed or refused?

¶27 The Workers' Compensation Court found that Montana Power unreasonably refused and delayed Galetti's claim for payment of compensation. As a result, the court ordered Montana Power to pay a 20 percent penalty as provided in § 39-71-2907, MCA (1983). The penalty was not on the entire amount of compensable benefits that Galetti had claimed. Rather, the court applied the 20 percent penalty to Galetti's out-of-pocket expenses and to that portion of his expenses paid by his employee medical benefits plan which were attributable to employee contributions. The court did not apply a 20 percent penalty to that portion of Galetti's medical expenses paid by his benefit plan which were attributable to employer contributions.

¶28 Section 39-71-2907, MCA (1983), provides that "[w]hen payment of compensation has been unreasonably delayed or refused . . . the full amount of the compensation benefits due a claimant . . . may be increased by the worker's compensation judge by 20%."

¶29 Galetti claims that the court erred by not applying the 20 percent penalty to the full amount of compensable benefits denied, including that portion of the payments made by his employee benefit program and funded by Montana Power. Montana Power claims that the court was correct in not applying a penalty on the payments made by Galetti's employee medical benefit plan and funded by it. Montana Power contends that these payments were not "compensation benefits due a claimant" because they were in fact paid by Montana Power. According to Montana Power, the fact that these benefits were paid by Galetti's medical benefits plan and not paid by Montana Power's workers' compensation plan is simply an accounting difference and is irrelevant to the penalty provision.

¶30 A penalty for unreasonable delay or refusal is limited to 20 percent of "the full amount of the compensation benefits due a claimant." Section 39-71-2907, MCA (1983). "[C]ompensation benefits due a claimant" under this provision include medical expenses. *See Belton v. Carlson Transport* (1986), 220 Mont. 194, 198, 714 P.2d 148, 150. Moreover, Montana Power has conceded that Galetti is "due" these benefits. Lastly, we think the term "full amount" is clear. The "*full* amount" is the entire amount of compensable medical expenses unreasonably refused or delayed. The statute is not limited to only those compensable medical expenses which were personally paid by the claimant.

¶31 Montana Power unreasonably refused and delayed payment of *all* of Galetti's workers' compensation benefits associated with his 1994 flare-up. The fact that Galetti had to pay some of his medical expenses with his employee medical benefits plan which was partially funded by Montana Power is irrelevant to a determination of "the full amount of *compensation benefits*" unreasonably delayed or refused. Medical expenses paid by a health insurance plan partially funded by employer contributions are not payments of workers' compensation benefits. Although some of Galetti's health insurance benefits may not have been unreasonably refused or delayed, *all* of Galetti's *workers' compensation benefits* were unreasonably refused or delayed.

¶32 We conclude that the Workers' Compensation Court erred by not ordering a penalty on the entire amount of medical expenses incurred as a result of the flare-up of Galetti's back condition. Galetti's compensation benefits shall be increased by 20 percent on "the full amount of compensation benefits" he was due which were unreasonably refused or delayed.

¶33 Reversed and remanded.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ ROY C. RODEGHIERO

District Court Judge sitting for

Justice Karla M. Gray