No. 86-338

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

WILLIAM PERRY,
           Claimant and Respondent,
      -vs-

TOMAHAWK TRANSPORTATION, Employer,
      and
ROCKWOOD SERVICES, INC.,
           Defendants and Appellants.
      and
TRAVELERS INSURANCE COMPANY,
           Defendant and Respondent.


APPEAL FROM:  The Workers' Compensation Court, The Honorable
              Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Anderson, Brown, Gerbase, Cebull & Jones; Stephen J.
            Harman, Billings, Montana

      For Respondent:

            Kelly & Halverson, P.C., William T. Kelly, Billings,
            Montana   (Perry)
            Marra, Wenz, Johnson & Hopkins; Dan L. Spoon, Great
            Falls, Montana   (Travelers Ins)


                              Submitted on Briefs: Dec. 4, 1986

                                  Decided:  APR 7 - 1987

Filed:  APR 7 - 1987


                          _Ethel M. Harrison_
                          _____
                                   Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Tomahawk Transportation (the employer and hereinafter referred to as Tomahawk) and Rockwood Services, Inc. (the insurer and hereinafter referred to as Rockwood) appeal a Workers' Compensation Court order which (1) holds Rockwood liable for a work-related injury to claimant William Perry and (2) imposes a 20% penalty upon Rockwood for unreasonable denial or delay of benefits. The issues on appeal are (1) whether the court properly held Rockwood liable for claimant's left arm injury, and (2) whether the court properly imposed a 20% penalty upon temporary total benefits paid by Rockwood pursuant to an interim court order and _prior_ to the court's final judgment. We affirm in part and reverse in part.

The point of contention in the instant case is which of Tomahawk's insurers is liable for claimant's left arm injury. It is undisputed that claimant suffered two compensable work-related injuries. While working for Tomahawk in May 1984, claimant suffered an injury to his left arm. At that time, respondent Travelers Insurance Company (Travelers) was the workers' compensation insurer for Tomahawk and Travelers accepted liability for the injury. In September 1984, again while working for Tomahawk, claimant was injured when the wind blew the truck he was driving over onto its side. The truck landed on the driver's side causing a blow to the left side of claimant's body. Rockwood was Tomahawk's workers' compensation insurer at the time of this second accident. Claimant alleges, and the lower court found, that the September 1984 accident aggravated the injury to claimant's left arm.

Rockwood voluntarily paid temporary total disability benefits to claimant from September 1984 until approximately six months later. On March 27, 1985, Rockwood terminated the disability payments to claimant. On May 8, 1985, the Workers' Compensation Court ordered Rockwood to pay interim benefits to claimant pending resolution of the question of which insurer was liable for claimant's left arm injury. Rockwood made those payments up until the court's June 1986 final judgment and apparently still continues to pay claimant temporary total disability benefits.

In March 1985, claimant filed a petition for hearing with the Workers' Compensation Court to resolve several disputes he had with Rockwood. Rockwood moved to join Travelers as a third party, which motion was granted. In June 1986, the court filed its final judgment in the case. The court held that Rockwood was liable for claimant's left arm injury and imposed a 20% penalty on all temporary total benefits claimant was entitled to from March 27, 1985, the date that Rockwood temporarily terminated the benefits, until the date of the judgment. This appeal followed.

To escape liability for the left arm injury, Rockwood had to prove by a preponderance of the evidence that the second injury did not aggravate the preexisting left arm condition and/or that claimant's left arm had not reached a medically stable condition prior to the second injury. Belton v. Carlson Transport (1983), 202 Mont. 384, 658 P.2d 405. Rockwood had the burden of proof under Belton, 658 P.2d at 409, 410, wherein we stated,

> [T]he burden of proof is properly placed
> on the insurance company which is on risk
> at the time of the accident in which a
> compensable injury is claimed.

3

The lower court found that the second injury did aggravate the preexisting left arm condition and that Rockwood failed to prove by a preponderance of the evidence that claimant's left arm had not reached a medically stable condition. Therefore, the court held Rockwood liable for the left arm injury. Rockwood attacks both the above findings.

The standard of review is well settled.

> "Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that Court. We cannot substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision." (Citing cases.)

Denend v. Bradford Roofing & Insulation (Mont. 1985), 710 P.2d 61, 63, 42 St.Rep. 1778, 1780. Rockwood, citing Jones v. St. Regis Paper Co. (1981), 196 Mont. 138, 639 P.2d 1140, argues that this Court can determine what weight to assign the testimony because much of the testimony was submitted by way of deposition. We decline to do so since the court specifically relied upon a substantial amount of live testimony as critical evidence.

We find that there is substantial credible evidence to support the lower court's finding that the September 1984 accident did aggravate claimant's left arm injury. Dr. Gary Ray, who had treated or examined claimant numerous times over several years, testified repeatedly and unequivocally that the September 1984 accident aggravated the condition. We do not agree with Rockwood's characterization of Dr. Ray's testimony as incredible and unbelievable. Dr. Ray testified,

4

and the record demonstrates, that he was quite familiar with both of claimant's accidents and the resulting problems. Moreover, claimant also testified that his left arm was substantially worse <u>after</u> the September 1984 accident. Therefore, we uphold the court's finding on this point.

Further, we uphold the court's determination that Rockwood did not prove by a preponderance of the evidence that claimant's left arm had not reached a medically stable condition prior to the September 1984 accident. We agree that the evidence on this point was simply inconclusive. Claimant testified that prior to the September 1984 accident he could tolerate his left arm condition and continue with his job. He also testified that his left arm was not improving prior to that accident. Dr. Frankel, who treated claimant over a substantial period of time, was asked in deposition how long he would expect claimant's healing period to be after the May 1984 accident. He replied that the injury "may have quieted down in a week, and it may have taken two or three years. There is just no way to answer that question." Dr. Frankel also testified that he would defer to the claimant's statements on whether the second accident aggravated the left arm injury. We find credible evidence tending to show that claimant had reached a medically stable position. We also find credible evidence that it was impossible to tell in this particular case, given the peculiar circumstances of the injury and the timing of claimant's medical examinations, whether claimant had reached a medically stable condition. Thus, we sustain the ruling that Rockwood did not carry its burden of proving that claimant had <u>not</u> reached a medically stable condition.

The second issue is whether the lower court properly imposed the 20% penalty for insurer unreasonableness upon benefits paid by Rockwood. Only part of the 20% penalty imposed on Rockwood is at issue. On March 27, 1985, Rockwood terminated the temporary total disability benefits being made to claimant. Rockwood began making the payments again on about May 8, 1985, pursuant to a court order directing them to do so. Rockwood does not appeal the 20% penalty as it is imposed upon the benefits later awarded for this six week period from March 27, 1985 to May 8, 1985.

Rockwood paid temporary total disability benefits to claimant from May 8, 1985, until the lower court's final judgment in June 1986. The court also imposed the 20% penalty upon the benefits paid during this period. Rockwood argues that the Montana statute governing the 20% penalty, § 39-71-2907, MCA, does not authorize the imposition of the penalty in this situation. Section 39-71-2907, MCA, provides in part:

> When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits <u>due</u> a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. (Emphasis added.)

Those benefits which Rockwood paid from May 1985 until the final judgment in June 1986 were not <u>due</u> at the time the court imposed the penalty. The statute clearly allows the imposition of the penalty only upon those benefits which are

6

due, that is, owed and payable. Therefore, the court erroneously imposed the penalty on those benefits already paid.

Remanded for entry of judgment in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Justice John C. Sheehy did not participate in this decision, deeming himself disqualified.

7