No.  89-575

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DONNA HANDLOS,

        Claimant and Appellant,

    v.

CYPRUS INDUSTRIAL MINERALS,

        Employer, Defendant and Respondent.

APPEAL FROM:   The Workers' Compensation Court of the
               State of Montana
               The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Monte D. Beck, Esq., and Chris J. Ragar, Esq.,
            Beck Law Offices, Bozeman, Montana

        For Respondent:

            Larry W. Jones, Esq., Garlington, Lohn & Robinson,
            Missoula, Montana

                        Submitted on Briefs:  May 16, 1990

                             Decided:  July 12, 1990

Filed:

'90 JUL 12 AM 11 57

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Donna Handlos appeals an order of the Workers' Compensation Court, which she argues should have imposed a penalty and attorney fees and costs against her former employer, Cyprus Industrial Minerals. We remand for a determination of whether the delay in payment of benefits was unreasonable.

Our opinion rests on our holding that the lower court erred in concluding that it was without power to impose a 20 percent penalty. Because we remand on that issue, our treatment of the other issues raised on appeal is limited.

Donna Handlos was employed as a sorter for Cyprus Industrial Minerals (Cyprus) at its talc mine outside Ennis, Montana. On October 2, 1987, a fellow employee struck Handlos on the left side of her head while "fooling around" near the end of the Friday evening shift. Although Handlos was wearing a hard hat, she testified at trial that the blow resulted in immediate pain causing her knees to buckle and making her nauseous. She remained at work until the end of her shift, but then went to the emergency room at the Madison Valley Hospital complaining of headaches and pain in the left side of her neck and shoulder. She was given a shot of Demerol and released.

Handlos saw a doctor the following Monday and on his advice did not return to work. He stated that her injury had resulted in left thoracic outlet syndrome. An orthopedic surgeon diagnosed her

injury as left paraspinous muscle spasm exacerbated by a preexisting osteoarthritic condition. Some six months after her injury, Handlos was admitted to Ridgeview Treatment Center in Butte, Montana, for treatment of depression which was in part a result of her injury and resulting inactivity.

Cyprus initially denied liability for Handlos's injury. In March 1988, after the conclusion of mediation proceedings and some five months after the injury, Cyprus accepted liability for medical expenses for the shoulder injury. It accepted liability for medical expenses related to Handlos's depression on August 22, 1988. Cyprus explained the delays in accepting liability as reasonable because of questions as to whether Handlos's injury was work-related. Cyprus did not make payment to Ridgeview Treatment Center until during the trial. That delay was explained as a result of not receiving the bills prior to trial.

When the trial began, the issues were whether the bills for treatment at Ridgeview Treatment Center had been paid and whether the delays in payment were unreasonable, justifying a penalty under § 39-71-2907, MCA. After Cyprus paid the bills relating to the depression, the only issue remaining was unreasonableness.

The Workers' Compensation Court concluded that it was barred from awarding a 20 percent penalty under § 39-71-2907, MCA, because Cyprus accepted liability for Handlos's treatment before any court order was issued. From that conclusion, Handlos appeals.

3

Did the lower court err in concluding that it was without power to impose a 20 percent penalty?

Section 39-71-2907, MCA, provides:

> **Increase in award for unreasonable delay or refusal to pay.** (1) When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein.
>
> (2) A finding of unreasonableness under this section does not constitute a finding that the insurer acted in bad faith or violated the unfair trade practices provisions of Title 33, chapter 18.

Handlos argues in the alternative that the Workers' Compensation Court was in error in finding that the delay in paying medical bills was not unreasonable. However, that was not the basis for the court's decision. The court opined that because Cyprus accepted liability to pay Handlos's bill before any order was entered, there was no order granting a claimant compensation benefits. Therefore, the court concluded, it was without the power to award a penalty under § 39-71-2907, MCA.

4

The lower court's interpretation of § 39-71-2907, MCA, renders all statutory reference to unreasonable delay in the payment of benefits as mere surplusage. If the lower court were correct, all penalty cases would by definition be refusal of benefit cases. If an insurer accepted liability and made payment of benefits at any time prior to the issuance of an order by the court, there would be no order for benefits making possible consideration of a penalty. The words "unreasonably delayed" in the statute would then have no purpose.

We cannot agree with the construction given the statute by the Workers' Compensation Court. We do point out that the statute is ambiguous and that the legislature may wish to reword it.

Where there are several provisions in an instrument, a court should give such construction as will give effect to all of them. Section 1-4-101, MCA. Additionally, the purpose of the workers' compensation system is to enable claimants to "speedily obtain benefits" and to "minimize reliance upon lawyers." Section 39-71-105(3), MCA. In light of that purpose and in order to give effect to all provisions of the statute, we conclude that the penalty under § 39-71-2907, MCA, is available where an insurer unreasonably delays paying a claim until the claimant takes the case to trial. We hold that § 39-71-2907, MCA, allows the Workers' Compensation Court to award a penalty when payment of benefits has been unreasonably delayed until mid-trial.

5

Because the determination of whether there was an unreasonable delay in payment of benefits is a factual question, we remand this case to the Workers' Compensation Court for an express determination of whether Cyprus unreasonably delayed paying Handlos's benefits. If the court finds that there was an unreasonable delay and that a penalty is warranted, it may award a penalty under § 39-71-2907, MCA. Cyprus argues that no penalty is possible within the limits set in Perry v. Tomahawk Transp. (1987), 226 Mont. 318, 322, 735 P.2d 308, 311. However, in Perry the penalty which this Court reversed was for payments made in a timely manner, under court order, between May 8, 1985, and the date of judgment. There was no dispute that a penalty was proper for payments delayed from March 27, 1985, to the court order of May 8, 1985. Perry, 735 P.2d at 311. On remand, the court should also consider whether an award of attorney fees and costs is warranted under § 39-71-612, MCA.

Remanded for further proceedings consistent with this opinion.

Chief Justice

6

We concur:

_John Conway Harrison_

_Diane G. Barz_

_William E. Hunt Sr_

_R. C. McDonough_

_John C. Sheehy_

_Fred J. Weber_
                Justices

7