No. 92-051

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

ROBERT D. FIELD,

      Petitioner and Appellant,

-vs-

SEARS, ROEBUCK & COMPANY,

      Defendant and Respondent.

FILED

FEB 2 5 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  The Workers' Compensation Court,
              The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Geoffrey R. Keller, Matovich, Addy & Keller,
          Billings, Montana

      For Respondent:

          J. Michael Young and Steven T. Potts, Jardine,
          Stephenson, Blewett and Weaver, Great Falls, Montana

Submitted on Briefs: August 6, 1992

Decided: February 25, 1993

Filed:

_____
               Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Robert D. Field appeals from the Findings of Fact, Conclusions of Law and Judgment of the Workers' Compensation Court denying attorney's fees and costs for pursuit of permanent total disability benefits, and refusing to impose a penalty against Sears, Roebuck & Company. We affirm.

We restate the issues on appeal as follows:

1. Did the Workers' Compensation Court err in denying claimant's request for attorney's fees and costs for pursuit of permanent total disability benefits?

2. Did the Workers' Compensation Court err by failing to impose a penalty for unreasonable delay in conceding permanent total disability?

On December 22, 1980, claimant Robert D. Field was injured while driving a repair truck for Sears, Roebuck & Company (Sears), his employer. Sears paid temporary total disability benefits from the date of the accident until claimant returned to work.

Claimant's employment with Sears terminated on July 19, 1984. At that time, claimant requested reinstatement of temporary total disability benefits. Sears refused. On March 13, 1985, Sears offered claimant $15,000 as a full and final compromise settlement. Claimant rejected this offer and demanded that Sears place him on temporary total disability retroactive to July, 1984. Sears agreed to make the payments under a reservation of rights.

On March 1, 1991, claimant requested that Sears formally

2

accept his claim as a claim for permanent total disability. Sears responded that it was not prepared to concede permanent total disability and requested additional vocational testing. The results of that testing were received on June 5. On June 18, Sears asked claimant to make a settlement offer; claimant responded on July 10 with a demand for $15,000, $72,000 in attorney's fees and an annuity paying $700 per month for twenty years.

Nine days later, on July 19, claimant filed a petition for hearing with the Workers' Compensation Court on the issues of permanent total disability; a lump sum advance for home repairs, vehicle replacement and debts; attorney's fees; and penalty. Sears responded, in part, by denying that claimant was permanently totally disabled. At the pretrial conference on August 22, Sears continued to deny permanent total disability benefits; the hearing was set for September 23. Sears conceded permanent total disability on August 29 and filed an amended response reflecting the concession. The hearing was continued to, and held on, October 7, 1991.

The Workers' Compensation Court heard testimony regarding the lump sum advance and the events leading to Sears' concession of the permanent total disability issue. The Workers' Compensation Court awarded claimant a lump sum conversion and attorney's fees relative to the lump sum issue. It denied attorney's fees and costs for claimant's pursuit of permanent total disability benefits under § 39-71-612, MCA (1979), and declined to award a penalty for unreasonable delay under § 39-71-2907, MCA (1979).

3

Did the Workers' Compensation Court err in denying claimant's request for attorney's fees and costs for pursuit of permanent total disability benefits?

In its Conclusions of Law, the Workers' Compensation Court determined that claimant was not entitled to attorney's fees and costs for pursuit of permanent total disability benefits under § 39-71-612, MCA (1979). Section 39-71-612, MCA (1979), provides:

> If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to a hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation.

Although the legislature has amended § 39-71-612, MCA, since 1979, we determine whether a claimant is entitled to attorney's fees under the statute in effect on the date of injury. Hilbig v. Central Glass Co. (1991), 249 Mont. 396, 399, 816 P.2d 1037, 1039.

The Workers' Compensation Court determined that this case was factually similar to Lasar v. E.H. Oftedal & Sons (1986), 222 Mont. 251, 721 P.2d 352, and applied the Lasar reasoning in concluding that claimant was not entitled to attorney's fees and costs based on pursuit of permanent total disability benefits under § 39-71-612, MCA (1979). The Workers' Compensation Court correctly applied Lasar.

In Lasar, we stated that the attorney fee statute at issue, identical to that before us, requires a claimant to satisfy two conditions before recovering attorney's fees: (1) the amount of

4

compensation must be in controversy; and (2) the amount awarded must exceed the amount paid or tendered. Lasar, 222 Mont. at 253, 721 P.2d at 354. In Lasar, the insurer conceded permanent total disability approximately three weeks prior to trial. We concluded that "[s]ince the insurer agreed on the amount of compensation due, no controversy existed at trial and the amount awarded was the same as that agreed upon as due." Lasar, 222 Mont. at 253, 721 P.2d at 354. Like the insurer in Lasar, Sears conceded claimant's permanent total disability and corresponding compensation due approximately three weeks prior to the original trial date (and five weeks before the hearing actually occurred). Neither the extent of claimant's disability nor the amount of compensation due him for that disability was in issue at any time thereafter or when claimant's petition proceeded to hearing. Therefore, claimant failed to satisfy the first condition to attorney's fees required by § 39-71-612, MCA (1979), and Lasar, that the amount of compensation be in controversy.

Claimant offered several theories to show that the amount awarded exceeded the amount paid or tendered--the second condition required by § 39-71-612, MCA (1979), and Lasar. Claimant contended he was entitled to attorney's fees based on the difference between the $15,000 settlement offer and the permanent total disability. Alternatively, claimant contended he was entitled to attorney's fees based on the difference between "permanent partial disability" he alleges Sears paid between June 5 and August 29 and the permanent total disability. Because claimant fails to meet the

5

first condition of § 39-71-612, MCA (1979), we do not address the second condition.

Claimant attempts to distinguish Lasar by focusing on the interval of time between discovery of the information on which concession subsequently was based and actual concession of the issue. In Lasar, the insurer conceded benefits within two weeks of deposing claimant. Here, Sears had all the information it later relied on to concede total permanent disability benefits on June 5, when it obtained the results of the vocational testing; it conceded the issue on August 29. According to claimant, this is the pivotal time period which distinguishes the present case from Lasar.

It is true that, here, Sears had possession of the information upon which it ultimately conceded the permanent total disability issue longer than the insurer in Lasar. The time period between completion of discovery upon which concession was made and the concession itself was not the basis of our decision in Lasar, however. We focused in Lasar on the three week period remaining after the concession and before trial and on the fact that the concession occurred before additional discovery or new documentation on the conceded issue was undertaken. The facts which formed the basis for our decision in Lasar are similar to those in the case before us; if anything, the facts before us are more compelling. Here, the concession occurred some five weeks before the hearing and no discovery was undertaken by either party on the permanent total disability issue between June 5 and Sears' concession on August 29. Subsequent to Lasar, we have reiterated

6

that there must be a controversy concerning disability that is later judged compensable before attorney's fees can be awarded under § 39-71-612, MCA. Komeotis v. Williamson Fencing (1988), 232 Mont. 340, 345, 756 P.2d 1153, 1156. As in Lasar, the insurer in Komeotis conceded disability benefits prior to the hearing. We affirmed the Workers' Compensation Court's denial of attorney's fees because disability benefits did not remain at issue for adjudication by the court.

Claimant relies on Krause v. Sears Roebuck & Company (1981), 197 Mont. 102, 641 P.2d 458, for the proposition that attorney's fees properly are awarded absent an adjudication of permanent total disability. Claimant misreads Krause.

In Krause, claimant was receiving temporary total disability benefits from Sears. He petitioned the Workers' Compensation Court for permanent total disability benefits converted into a lump sum award. Sears denied permanent total disability. Discovery was completed on all issues and the case proceeded to hearing. Only after the hearing had begun did Sears concede permanent total disability. Notwithstanding the concession, claimant presented proof on his permanent total disability in conjunction with his lump sum conversion request. The disability issue having remained in controversy into the adjudication phase of the proceedings and proof having been submitted on the issue, the Workers' Compensation Court entered a conclusion of law on claimant's permanent total disability. It denied the lump sum conversion, relying on evidence of claimant's disability which would prevent him from making a

success of the project for which the lump sum was sought. It also refused to award attorney's fees on the disability issue. Claimant appealed the denial of attorney's fees, contending that he prevailed on the issue.

We held on appeal that, because the court concluded that the claimant was suffering from a permanent total disability, he was entitled to attorney's fees under § 39-71-612, MCA, in relation to his proof that he was permanently totally disabled. While our holding was not explicit, it was premised on the Workers' Compensation Court's reliance on claimant's proof and its conclusion that claimant was permanently totally disabled; the issue was, in fact, adjudicated.

Here, Sears conceded permanent total disability benefits three weeks before the original hearing date and some five weeks before the actual hearing. Neither discovery nor proof was required on the issue. No controversy over claimant's disability or corresponding compensation was adjudicated at the hearing. Thus, the facts which formed the basis for our decision in Krause are not present here. We hold that the Workers' Compensation Court did not err in denying claimant's request for attorney's fees on the permanent total disability issue.

Did the Workers' Compensation Court err by failing to impose a penalty for delay in conceding permanent total disability?

The Workers' Compensation Court refused to impose a penalty against Sears for unreasonable delay under § 39-71-2907, MCA (1979), which provides:

8

> **Increase in award for unreasonable delay or refusal to pay.** When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. . . .

Claimant argues that Sears had all the information it used to concede permanent total disability benefits on June 5, when it received the results of the vocational testing. Thus, according to claimant, its delay in conceding the issue until August 29 was unreasonable.

Unreasonable delay is a question of fact to be determined by the trier of fact; we will not reverse the Workers' Compensation Court's decision on awarding a penalty if the decision is supported by substantial, credible evidence. Jaenish v. Super 8 Motel (1991), 248 Mont. 383, 389-90, 812 P.2d 1241, 1243. In addition, the penalty statute requires unreasonable delay or refusal in payment of compensation prior or subsequent to an order granting compensation benefits.

The Workers' Compensation Court found that Sears opened negotiations toward final resolution shortly after it obtained the vocational test results on June 5. Claimant made a settlement demand on July 10, and filed his petition for hearing on July 19. Sears conceded claimant's permanent total disability on August 29, 1991. Substantial evidence exists to support the Workers' Compensation Court's determination that the facts of this case do

9

not warrant a penalty under § 39-71-2907, MCA (1979). Furthermore, compensation was being paid throughout the period from June 5 to August 29; no delay or refusal in payment, as required by the statute to support a penalty award, occurred. Additionally, no award of permanent total disability benefits was made by order of the Workers' Compensation Court that would serve as a basis for a penalty under § 39-71-2907, MCA (1979). We hold that the Workers' Compensation Court did not err in refusing to award a penalty pursuant to § 39-71-2907, MCA (1979).

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

10

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

In *Lasar v. E. H. Oftedal & Sons* (1986), 222 Mont. 251, 721 P.2d 352, and again in *Komeotis v. Williamson Fencing* (1988), 232 Mont. 340, 756 P.2d 1153, this Court blatantly ignored the plain language of § 39-71-612, MCA (1979), to conclude that a court award of benefits is a condition to an award of attorney fees. In this case, the majority blindly follows its prior decisions without any analysis of the plain terms of the attorney fee statute.

Section 612 does not simply provide that when the court's award is greater than the amount offered, the claimant is entitled to an attorney fee. It clearly provides that when the ultimate settlement is greater than the amount originally offered, the claimant is entitled to recover his attorney fees which were incurred to pursue his claim for the full amount of his benefits. That section states:

> If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to a hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation. [Emphasis added.]

Section 39-71-612(1), MCA (1979).

In this case, claimant demanded that he be paid permanent total disability benefits on March 1, 1991. That demand was

11

rejected by defendant on April 4, 1991. Claimant filed his petition for permanent total disability benefits on July 19, 1991, and in its answer dated August 7, 1991, defendant denied that claimant was permanently totally disabled. Defendant continued in that denial as late as the pretrial conference on August 22, 1991. Therefore, according to our prior case law, there was a controversy over the amount of compensation due.

We held, in *Krause v. Sears Roebuck & Company* (1982), 197 Mont. 102, 641 P.2d 458, that:

> The basic controversy between the parties was one dealing with the difference between the amount of benefits tendered and the amount of benefits awarded, and the issue of whether the claimant's disability was permanent was the foundation for that controversy. Because the court concluded that the claimant was suffering from a *permanent* total disability, we hold that under section 39-71-612, MCA, the claimant is entitled to attorney fees and costs in relation only to his proof that he was permanently totally disabled.

*Krause*, 641 P.2d at 462.

In other words, we have previously held that when the controversy is whether claimant is permanently or temporarily disabled, that is a controversy relating "to the amount of compensation due" within the contemplation of § 39-71-612, MCA (1979). As of August 22, 1991, there was such a controversy in this case.

On August 29, 1991, that issue was settled when defendant conceded that claimant was permanently totally disabled. On that date, then, there was a settlement for benefits greater in value than the benefits that had been previously tendered, and according

to the plain language of § 39-71-612, MCA (1979), claimant was entitled to an award of attorney fees that were incurred to recover the full amount of his benefits.

The majority opinion completely ignores the language in the attorney fee statute which provides that when a settlement is greater than the amount originally offered, claimant is entitled to recover an attorney fee. This Court ignored that language in the *Lasar* case; it ignored it in the *Komeotis* case; and like an ostrich with its head buried in the sand, the majority continues to ignore that language in this case for the apparent reason that its erroneous precedent is more important than the plain language of the statute.

I would reverse this Court's decisions in *Lasar* and *Komeotis* and reverse the trial court's refusal to grant attorney fees in this case.

I would also reverse the Workers' Compensation Court's refusal to award the statutory penalty to claimant pursuant to § 39-71-2907, MCA (1979). That statute provides that when payment of compensation has been unreasonably delayed or refused by an insurer, a penalty equal to 20 percent of those benefits may be awarded. In this case, the insurer's conduct was unreasonable in two respects.

According to the testimony of claimant's claims representative who handled this claim, she had all of the vocational and medical information with which to make an evaluation of claimant's

13

disability by June 5, 1991. Cathy Andersen testified that she had a medical report concluding that claimant was unable to work in any capacity as early as April 19, 1991. She acknowledged that she had vocational evaluations and psychological reports by June 5, 1991, which indicated that claimant has the equivalency of a sixth grade education, that he has a learning disability, and that he was not a candidate for retraining. Furthermore, she admitted that she received no additional medical or vocational information from that date until Sears conceded permanent total disability on August 29, 1991. And yet, defendant's attorney continued to take the position in his answer to claimant's petition, and again at the time of the pretrial conference, that claimant was not permanently totally disabled. Obviously, defendant continued to deny liability for the full extent of claimant's disability, even though it was fully aware of claimant's condition, in order to strengthen its bargaining position for purposes of settling claimant's claim. In doing so, I conclude that it acted unreasonably.

Furthermore, defendant acted unreasonably when, without any basis in fact, it refused to convert a portion of claimant's future disability benefits to a lump sum pursuant to § 39-71-741, MCA. This is apparent from the following finding entered by the trial court:

> Defendant has designated Cathy Andersen as its claims adjuster in Montana relative to this case. However, Andersen testified that she was not privy to petitioner's affidavit regarding a lump sum, nor had she seen petitioner's discovery responses, nor had she read petitioner's deposition. Hence, she knew of no reasons why petitioner's lump sum request had not been granted,

14

and she had absolutely <u>no information</u> as to whether payment of the lump sum request was in petitioner's best interest. Moreover, Andersen had <u>no explanation</u> regarding Sears' refusal to concede permanent total disability until three weeks before the original trial setting. It was apparent at trial that only defense counsel and an adjuster in Linwood, Washington, were making the decisions and denying petitioner's requests. Andersen had little, if any, authority regarding petitioner's file. [Emphasis added.]

As pointed out by the Workers' Compensation Court, 24.29.804(1) ARM, provides as follows:

Every insurer is required to designate at least one adjuster, maintaining an office in Montana, which shall pay compensation when due and which shall have authority to settle claims.

The adjuster for defendant who had the responsibility to pay compensation which was due with regard to this claim was Cathy Andersen, and yet, defendant's attorney did not even provide her with the information that formed the basis for claimant's claim. There is no way she could have acted reasonably. The fact that she did not is evident by the last minute concession regarding the nature of claimant's disability and the Workers' Compensation Court's decision to convert a part of claimant's disability benefits to a lump sum, in spite of defendant's refusal to do so.

Insurers who force claimants to incur the expenses of litigation and who clog Montana's Workers' Compensation Court because of this kind of conduct are the exact parties for whom § 39-71-2907, MCA, was intended.

In this decision, this Court has ignored the plain language of the Workers' Compensation Court in two respects. It has refused to

15

award attorney fees, and it has refused to impose the statutory penalty when both were clearly warranted.

Apparently, the principles of "strict construction" about which "conservative" jurists so proudly pound their chests, don't apply to the statutory rights of injured workers.

For these reasons, I dissent from both conclusions in the majority opinion.

_____
Justice

Justice William E. Hunt, Sr., concurs in the foregoing dissent of Justice Trieweiler.

_____
Justice

February 25, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Geoffrey R. Keller, Esq.
MATOVICH, ADDY & KELLER, P.C.
225 Petroleum Building
2812 First Ave. North
Billings, MT 59101

J. Michael Young, Esq.
Steven T. Potts, Esq.
JARDINE, STEPHENSON, BLEWETT & WEAVER, P.C.
P.O. Box 2269
Great Falls, MT 59403-2269

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy