NO.  95-390

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

CINDY MINTYALA,

      Claimant and Appellant,

    v.

STATE COMPENSATION INSURANCE FUND,

      Defendant and Respondent,

    and

CENTRAL MONTANA MEDICAL CENTER,

      Employer.



FILED

MAY 30 1996

_Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court, State of Montana
                  The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Andrew J. Utick, Utick & Grosfield, Helena, Montana

      For Respondent:

      Daniel J. Whyte, State Compensation Insurance Fund,
      Helena, Montana


Submitted on Briefs:  March 14, 1996

Decided:  May 30, 1996

Filed:

_____
            Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Cindy Mintyala petitioned the Workers' Compensation Court for a hearing after the State Compensation Insurance Fund terminated her temporary total disability benefits. Prior to trial, the Fund filed a motion to dismiss, which the Workers' Compensation Court granted. Mintyala appeals.

We reverse and remand.

Appellant raises the following issue: Did the Workers' Compensation Court err in granting the State Fund's motion to dismiss Mintyala's petition for a hearing?

### FACTS

In Mintyala's petition for hearing, she alleges that in August 1991 she injured her back and neck in the course and scope of her employment as a certified nurses assistant while employed with the Central Montana Medical Center. At the time of injury, her employer was insured by the State Compensation Insurance Fund (the Fund). Initially, the Fund accepted liability and paid out temporary total disability and various medical benefits.

Three years later, the Fund notified Mintyala that it would be terminating her benefits as of September 21, 1994. Mintyala filed a petition for mediation pursuant to § 39-71-2401, MCA, but the matter was not resolved. Following surgery on her back, Mintyala submitted a petition for a hearing to the Workers' Compensation Court in February 1995.

The petition alleges; (1) the Fund had unreasonably terminated Mintyala's temporary total disability benefits based upon illegally

2

obtained medical reports; (2) the Fund had unreasonably refused to reinstate Mintyala's temporary total disability benefits, even though she had undergone surgery on her back January 31, 1995, and the Fund had accepted liability for the surgery; and (3) the Fund's conduct had been unreasonable in that when the Fund terminated Mintyala's benefits, it did not pay out permanent partial disability that the "illegally obtained medical reports indicated she was entitled to." The petition then requested an award of temporary total disability benefits, (retroactive to the date of termination), a penalty and reasonable costs and attorney fees.

Following discovery, the Fund notified Mintyala that she would be placed back on temporary total disability benefits retroactive to the date such benefits were terminated. On April 12, 1995, the Fund made payment for the period between September 23, 1994 through April 17, 1995. The Fund then filed a motion to dismiss Mintyala's petition because it had accepted liability.

The Workers' Compensation Court held a hearing on the Fund's motion to dismiss in June 1995. At that hearing, the Fund acknowledged liability for medical benefits and temporary total disability, and represented that it was current in the payment of benefits and that benefits would continue to be paid. At that point claimant's counsel, Andrew Utick, stated his belief that attorney fees and penalty were still at issue.

The court disagreed and ruled that a recent decision from the Workers' Compensation Court controlled, thus precluding attorney fees or a penalty. Paulsen v. Entech Inc. WCC. No. 9209-6591

3

(February 22, 1994). That decision was later appealed and affirmed by this Court but Paulsen had been decided pursuant to Section I, Paragraph 3 (c), of the Montana Supreme Court 1988 Internal Operating rules, meaning the case is not available for future precedent. Paulsen v. Entech Inc. (1994), 888 P.2d 432.

After the hearing on the Fund's motion to dismiss, the Workers' Compensation Court issued a written order reflecting it's decision. According to the written order, the court decided Mintyala's entitlement to temporary total benefits and medicals was moot because of the representations of the Fund, leaving only Mintyala's claims for attorney fees and a penalty. The court then decided "as a matter of law" Mintyala was not entitled to either attorney fees or a penalty based on the Fund's acceptance of liability for benefits prior to trial or judgments.

Mintyala appeals the Workers' Compensation Court's order dismissing her petition.

STANDARD OF REVIEW

The procedural history of this case presents a threshold issue regarding the appropriate standard of review.

The Fund contends that its motion to dismiss was filed pursuant to the administrative rules that govern the Workers' Compensation Court and therefore the correct standard of review is whether the court abused its discretion in deciding to dismiss the petition citing Doug John's Real Estate v. Banta (1990), 246 Mont. 295, 298, 805 P.2d 1301, 1303.

The Fund contends that Rule 24.5.316, ARM, controls motions to dismiss. The portion of that rule that specifically mentions "motion to dismiss" reads as follows:

> Unless a different time is specified in these rules, the time for filing any motion to amend a pleading, to dismiss, to quash, for summary ruling, to compel, for a protective order, in limine, or for other relief shall be fixed by the court in a scheduling or other order.

Rule 24.5.316(1), ARM. Read in its entirety, the rule deals with motions in general. The rule does not mention a standard of review, discretionary or otherwise, to be used by the court in the disposition of motions to dismiss. Furthermore, the case cited by the Fund, Doug John's Real Estate, deals with Rule 41(b), M.R.Civ.P. That case involves a cause of action that was involuntarily dismissed for failure to prosecute or comply with a court order. The issue presented in this case does not involve Rule 41(b), M.R.Civ.P., therefore the Doug John's Real Estate case is not applicable.

The administrative rules do provide the Workers' Compensation Court with the discretionary power to dismiss petitions. The relevant regulation reads as follows:

> (I) In the discretion of the court, informal disposition may be made of a dispute or controversy by stipulation, agreed settlement, consent order, or default.

Rule 24.5.333, ARM. The question of informal disposition was raised in this matter but, counsel argued that under the circumstances of this case, informal deposition was not applicable:

> MR. UTICK: My argument, I said I had an argument in the brief with respect to the rules. Under your rules it provides the methods by which you can make an informal

5

disposition of the case and it doesn't provide for unilateral concession barring the other party from proceeding. . . For example, in the district court, in order to dismiss, you can dismiss the case unilaterally until a Response of Pleading is filed....

THE COURT: . . . The informal disposition as I see it is where there's still something in controversy; but if - -

MR. UTICK: Well, there is

THE COURT: What?

MR.UTICK: Penalty and attorneys' fees.

THE COURT: Okay, as a matter of law you're not entitled to it under the Paulsen ruling, and I'm not going to reverse myself on Paulsen. That's an appealable order.

MR. UTICK: Well, then you've ruled.

THE COURT: Right, I'm ruling on that. I'll rule on that as a matter of law; and that can be appealable.

Pursuant to the language of the rule, an informal disposition of a motion would be reviewed under an abuse of discretion standard. In this case, however, the parties did not stipulate to the motion, nor was there an agreed settlement, consent order or default as required under the regulation. Therefore, the motion could not be dismissed informally.

The Workers' Compensation Court order in this matter expressly concluded that a previous case controlled and that as a "matter of law" the court was dismissing the petition. Because this was not an informal disposition, we will not review this matter for an abuse of discretion. Rather, this Court will review the Workers' Compensation Court's conclusions of law to determine if the court's determination of the law is correct. Glaude v. State Comp. Ins. Fund (1995), 271 Mont. 136, 137, 894 P.2d 940, 941.

6

DISCUSSION

In the Workers' Compensation Court order dismissing Mintyala's petition, the court found that based on the representation of the attorney for the Fund that the claimant's claim for temporary total disability benefits was moot. Leaving only the remaining claims for attorney fees and a penalty, the court then decided "as a matter of law," the claimant was not entitled to either since the Fund had accepted liability for benefits prior to trial or judgment, again citing <u>Paulsen v. Entech</u>. However, because that decision was classified as non-citable, that case is not binding on this Court.

We must therefore look to other cases for guidance in deciding whether the Workers' Compensation Court improperly granted the Fund's motion to dismiss, thereby dismissing the additional issues of attorney fees and a penalty.

First we turn our attention to the issue of a penalty. It has long been held that the statutes in effect on the date of the claimant's injury must be applied when determining benefits. Buckman v. Montana Deaconess Hosp. (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. In this case, Mintyala was injured in August 1991, therefore the 1989 penalty applies. The applicable statute reads as follows:

> **Increase in award for unreasonable delay or refusal to pay.** (1) When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant between the time of compensation benefits were delayed or refused and the

7

date of the order **granting a claimant compensation** benefits may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision or award previously made in the cause for the purpose of making the increase provided herein.

Section 39-71-2907, MCA (1989).

On appeal, Mintyala argues that the rule of law in Handlos v. Cyprus Industrial Minerals (1990), 243 Mont. 314, 794 P.2d 702 applies. In Handlos, the claimant appealed an order of the Workers' Compensation Court declining the imposition of a penalty. The insurer initially denied liability for claimant's 1987 injury, but then accepted liability five months later. Insurer attributed the delay to concerns that the claimant's injury was not work-related. A trial was held to dispose of the issue of payment of certain medical bills for treatment, as well as the issue of whether the delays in payment were unreasonable. The Workers' Compensation Court concluded that because the insurer had accepted liability for treatment before any court order was issued, the court was barred from awarding a penalty.

On appeal, this Court disagreed. We held that the lower court's interpretation of § 39-71-2907, MCA, rendered the statutory reference to "unreasonable delay" as mere surplusage. Handlos, 794 P.2d at 703. This Court then stated that such an interpretation would create a situation where an insurer was capable of avoiding a penalty if it accepted liability at any time prior to the issuance of an order by the court because "there would be no order

8

for benefits making possible consideration of a penalty." Consequently, the words "unreasonably delayed" would become meaningless in the statute.

This Court then looked to other provisions in the Workers' Compensation Act regarding the purpose of the Workers' Compensation Court system. The system was designed to enable claimants to "speedily obtain benefits" and to "minimize the reliance on lawyers." Section 39-71-105(3), MCA (1989). The Court then held that "[i]n light of that purpose and in order to give effect to all provisions of the statute, we conclude that the penalty is available where an insurer unreasonably delays payment until the claimant takes the case to trial." Handlos, 794 P.2d at 703. In other words, the penalty provision is available to the claimant from the moment the insurer's delay in payment becomes unreasonable.

The Fund also refers to the Handlos case. However, the Fund relies on this case as authority for the proposition that the Workers' Compensation Court has limited authority to award a penalty. In Handlos, this Court stated that a penalty could be awarded when payment of benefits has been "unreasonably delayed until mid-trial." Handlos, 794 P.2d at 704. The Fund argues that since it paid out benefits before "mid-trial," the court could not award a penalty. This may be the language of the opinion, but to literally limit the Workers' Compensation Court's authority to award a penalty, would ignore the intent of the Handlos opinion.

9

The wording "mid-trial" is to be used as a guide not as a prerequisite.

Moreover, subsequent to the Handlos decision, this Court has stated that "[p]ayment of unreasonably withheld benefits 'on the courthouse steps' does not negate the insurer's potential liability for a penalty for unreasonable delay of benefits. To conclude otherwise would render the penalty statute moot." Lovell v. State Comp. Mut. Ins. Fund (1993), 260 Mont. 279, 289, 860 P.2d 95, 102.

The Fund asserts that this Court has held that the Workers' Compensation Court cannot award a penalty if the insurer concedes liability prior to trial, citing to Field v. Sears Roebuck (1993), 257 Mont. 81, 847 P.2d 306. In that case, the court did not award a penalty because no award of permanent total disability was ordered "that would serve as a basis for a penalty under Section 39-71-2907, MCA." Field, 847 P.2d at 310. The Field case, however, is factually distinguishable. There, the court held a trial in which it was given the opportunity to decide if unreasonable delay occurred. In Field this Court concluded that "[u]nreasonable delay is a question of fact to be determined by the trier of fact; we will not reverse the Workers' Compensation Court's decision on awarding a penalty if the decision is supported by substantial credible evidence." Field, 047 P.2d at 310.

Throughout the many revisions to the penalty statute, the language regarding "unreasonable delay" has remained basically the same. Regardless of what version of the statute this Court has interpreted we have concluded that the penalty statute should be

10

made available "where an insurer acts unreasonably to deny benefits to which a claimant is legally entitled the statutory penalty should be imposed." Plooster v. Pierce Packing Co. (1993), 256 Mont. 287, 291, 846 P.2d 976, 978 (citing Holton v. F.H. Stoltze Land & Lumber Co. (1981), 195 Mont. 263, 267-68, 637 P.2d 10, 13). Furthermore, this Court consistently held that the determination of whether there was an unreasonable delay in payments of benefits by the insurer is a factual question. Handlos, 794 P.2d at 704; Lovell, 860 P.2d 95.

As a factual question, we conclude that the question of a penalty in this matter is not amenable to dismissal by conclusion of law, and remand the matter for a factual determination of reasonableness. On remand, the court should also reconsider whether an award of attorney fees and costs is warranted under § 39-71-611, MCA.

Remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11